In the Matter of R. L. N., A juvenile under the age of eighteen years.

No. J–79–343.

Court of Criminal Appeals of Oklahoma.

Dec. 3, 1979.

Henry A. Meyer, III, Hieronymus, Hodgden, Halley & Meyer, Woodward, for appellant.

John F. Reichenberger, Asst. Dist. Atty., Woodward County, for appellee.

## OPINION

BUSSEY, Judge:

On October 18, 1978, a petition was filed in the Juvenile Division of the District Court of Woodward County, Case No. J–78–47, requesting that the juvenile, R. L. N., be certified to stand trial as an adult on a charge of Burglary. On October 26, 1978, the prosecutive merit hearing was held, and at the conclusion thereof the court made a finding that a crime had been committed and that there was probable cause to believe that the appellant had committed said crime. After an amenability hearing on December 27, 1978, the court ordered the juvenile to stand trial as an adult. The court, in its order, also concluded that because prosecutive merit had previously been found to exist, the juvenile was not entitled to a preliminary hearing prior to being arraigned.

The first issue presented on appeal is whether or not the prosecutive merit hearing of a juvenile certification proceeding satisfies the requirements of a preliminary nearing as provided in Art. II, § 17, of the Oklahoma Constitution.

Section 17 authorizes two methods of commencing a criminal prosecution; (1) by presentment or indictment and (2) by information. That section further provides that no person may be prosecuted for a felony

by information without having had a preliminary hearing before an examining magistrate, unless such hearing is waived. By the express language of Section 17, a preliminary hearing is required, unless waived, where a prosecution is commenced by information. Accordingly, we are of the opinion that the prosecutive merit hearing in a juvenile certification proceeding does not satisfy the requirements of Art. II, § 17, of the Oklahoma Constitution.

■ In the second assignment of error the juvenile asserts that certain testimony was improperly admitted during the hearing on his amenability to rehabilitation. The testimony complained of was elicited from a staff physician at Western State Hospital, who testified that the juvenile, while undergoing psychiatric evaluation, informed him that he used drugs. The juvenile argues that the statement was admitted in violation of 10 O.S.Supp.1978, § 1109.[1]

The record reflects that neither the juvenile nor his legal custodian were advised of his constitutional rights before he made the statement to the doctor. However, after a careful reading of Section 1109 we conclude that the doctor's testimony was properly admitted at the hearing on the juvenile's amenability to rehabilitation.

It is our opinion that the statute in question applies only to the admissibility of evidence at a juvenile prosecutive merit hearing or adjudicatory hearing, and at an adult preliminary hearing or trial. Furthermore, we are of the opinion that Section 1109 applies only to information or evidence relating to the offense for which the juvenile is charged. For the foregoing reasons, we find this assignment of error to be without merit.

The order of the Juvenile Division of the District Court, Woodward County, certifying the juvenile to stand trial as an adult is *AFFIRMED* and the Trial Division of the District Court is ordered to proceed with proper criminal proceedings, including a preliminary hearing prior to arraignment, unless properly waived by the accused.

CORNISH, P. J., concurs.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring:

I concur that this certification should be affirmed. It should be made abundantly clear, however, that the testimony complained of should not be admitted at the preliminary examination or at trial, in the event the case is bound over for trial. The transcript of testimony for the prosecutive merit hearing was not submitted to this Court for review. Only the transcript for the hearing on amenability for rehabilitation was filed in this appeal. It should be clearly understood that the rules of evidence at a dispositional hearing are not as binding as at the hearing on prosecutive merit or at a later trial. Therefore, I concur in this decision.

---

1. Title 10 O.S.Supp.1978, § 1109, provides in pertinent part:
"(a) No information gained by questioning a child nor any evidence subsequently obtained as a result of such information shall be admissible into evidence against the child unless the questioning about any alleged offense by any law enforcement officer or investigativé agen-

cy, or employee of the court, or the Department is done in the presence of said child's parents, guardian, attorney, or the legal custodian of the child, and not until the child and his parents, or guardian, or other legal custodian shall be fully advised of their constitutional and legal rights, . . ."