v.

**STATE of Oklahoma, Appellee.**

No. F–87–566.

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1987.

Don Shaw, Idabel, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, R.L.H., was adjudicated delinquent in McCurtain County District Court Case No. J–87–7 after a jury found him guilty of Burglary in the Second Degree and Unauthorized Use of a Motor Vehicle.

On February 21, 1987, appellant broke into the Baptist Church in Wright City, took the keys to the church van, and then stole the van. Appellant was subsequently arrested when he was in an accident while driving the church van. The appellant was first taken to the Wright City Police Department but was later transported to the County Jail in Idabel where it was determined that he was a fourteen-year-old juvenile who was under the guardianship and custody of the Department of Human Services. Janetta Mixon, the appellant's Department of Human Services case agent, was contacted, and after she arrived, the Deputy read *Miranda* rights to appellant and Ms. Mixon. After ascertaining both the appellant and Ms. Mixon understood the rights, the Deputy had them sign the paper on which those rights were printed. The Deputy then asked appellant if he would like to make a statement. Appellant discussed the situation with Ms. Mixon and agreed to make a statement. Appellant then wrote out a statement admitting that he had stolen the van.

In his single assignment of error appellant contends that the trial court erred in overruling his Motion to Suppress the confession. He alleges that, pursuant to 10 O.S.Supp.1986, § 1109, Janetta Mixon was not a fit and proper person to give consent for him to make a statement. We disagree.

Title 10 O.S.Supp.1986, § 1109(a) provides in pertinent part:

No information gained by questioning a child nor any evidence subsequently obtained as a result of such information shall be admissible into evidence against the child unless the questioning about any alleged offense by any law enforcement officer or investigative agency, or employee of the court, or the Depart-

ment is done in the presence of the parents, guardian, attorney, or legal custodian of the child. No such questioning shall commence until the child and his parents, or guardian, or other legal custodian have been fully advised of the constitutional and legal rights of the child, including the right to be represented by counsel at every stage of the proceedings, and the right to have counsel appointed by the court if the parties are without sufficient financial means; provided, however, that no legal aid or other public or charitable legal service shall make claim for compensation as contemplated herein.

The purpose of this statute is to ensure that a juvenile has the counsel and advice of one acting *in loco parentis* before waiving his constitutional rights. *Matter of R.P.R.G.*, 584 P.2d 239, 241 (Okl.Cr.1978). The trial court in this case, after affording appellant an in-camera hearing to determine the admissibility of his confession in accordance with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), found that Janetta Mixon was a fit and proper person to be present during the questioning. Since appellant was under the guardianship and custody of the Department of Human Services at the time of his arrest, and since Janetta Mixon was his case agent, we decline to disturb the trial court's ruling. *See Jeffries v. State*, 679 P.2d 846 (Okl.Cr.1984). This assignment is groundless.

The Order of Adjudication is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

Although I concur in the majority opinion, I am not unmindful of the potential for conflict that is present when a Department of Human Services employee proceeds to fulfill the critical role of *loco parentis* under 10 O.S.Supp.1986, § 1109(a). The facts present here, however, do no more than raise "the possibility of conflict [which] is insufficient to impugn a criminal convic-

tion." *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). While "it would always be best to have counsel present for minors of tender years before a statement is taken for the purpose of introducing it as evidence," *Ezell v. State*, 489 P.2d 781, 784 (Okla. Crim.App.1971), "[w]hat the law does require is that a parent or one acting in loco parentis be available to advise the juvenile." *In re R.P.R.G.*, 584 P.2d 239, 241 (Okl.Cr.App.1978). Mere physical presence is insufficient, as the person fulfilling the role of *loco parentis* must be in a position to provide effective guidance and advice. *See J.T.P. v. State*, 544 P.2d 1270, 1277 (Okl.Cr.App.1975).

This Court must continue to scrupulously "determine on a case by case basis whether the child's rights are protected and whether the adult who is present meets the requirements of [Section 1109(a)]" by being in a position to provide effective guidance and advice. *In re S.D.S.*, 574 P.2d 1077, 1079 (Okl.Cr.App.1978). *See J.T.P. v. State, supra.* From my reading of the record, I cannot say that the appellant has demonstrated that his caseworker was not in a position to provide effective guidance and advice so as to fulfill the *loco parentis* role under Section 1109(a). *See Stryker v. State*, 559 P.2d 1253, 1255 (Okl.Cr.App. 1977). Accordingly, I concur.