In the Matter of D.A.M., a juvenile, Appellant,

v.

STATE of Oklahoma, Appellee.

No. J–88–55.

Court of Criminal Appeals of Oklahoma.

Aug. 23, 1988.

Scott W. Braden, Asst. Appellate Public Defender, Norman, for appellant.

Fred Collins, Dist. Atty. by Maria Tasi Malowney, Ardmore, for appellee.

## OPINION

BUSSEY, Judge:

D.A.M., a juvenile, appeals from an order of the Juvenile Division of the Carter County District Court, Case No. JFJ–87–32, waiving jurisdiction over him and certifying him to stand trial as an adult for the crime of Possession and Concealment of Stolen Property. From said order a timely appeal has been perfected to this Court.

■ In order to certify a juvenile to stand trial as an adult, the juvenile judge must make two ultimate findings: First, that there is prosecutive merit to the complaint, that is, a finding that a crime has been committed and that there is probable cause to believe the accused juvenile committed it; and second, that the juvenile is not a fit subject for rehabilitation by the facilities and programs available to the juvenile court. *In re E.O.*, 703 P.2d 192, 193 (Okl.Cr.1985). As the juvenile herein stipulated to the prosecutive merit of the crime charged, he challenges only the second finding.

■ Title 10 O.S.1981, § 1112(b) sets forth six factors a juvenile court must consider when determining the prospects for reasonable rehabilitation of a child. The evidence presented in the instant case regarding these factors showed the following: Although the seriousness of the alleged property offense to the community was relatively minor, it was committed in a willful manner; the juvenile possessed an average to low average level of intelligence and he appeared to be aware of social rules and sanctions; the juvenile history of the accused included eight intakes by community agencies, a period of "own home" parol, a commitment to a detention facility and the filing of a petition for escape therefrom, a record of school truancy, an allegation of marijuana use made by school officials and a reported incident of verbal abuse upon a school counselor in conjunction therewith; and finally, the juvenile was seventeen and one-half years old at the time of the amenability hearing and prior attempts to rehabilitate the youth within the juvenile system had failed.

Based upon the foregoing, the juvenile court found that D.A.M. was not amenable to rehabilitation within the juvenile system for the following reasons:

1. The juvenile has a degree of maturity and sophistication which makes further efforts at rehabilitation within the juvenile system likely to be unsuccessful;

2. The juvenile has an extensive history of contacts with community agencies, law enforcement agencies, and the Court which indicates that further treatment as a juvenile would be unsuccessful;

3. The prospects for adequate public protection by continued treatment of the above named juvenile within the juvenile system are remote, in that there is no guarantee that juvenile system will actually provide the intensity or the lengthiness of counseling or rehabilitation deems (sic) necessary.

On the basis of the evidence presented to the juvenile court, we find that it did not abuse its discretion in certifying D.A.M. to stand trial as an adult. *See J.T.P. v. State*, 544 P.2d 1270, 1278 (Okl.Cr.1975). Accordingly, the order of the juvenile court is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.