799 P.2d 142 (1990)
W.D.C., Appellant,
v.
STATE of Oklahoma, Appellee.
No. J-89-641.
Court of Criminal Appeals of Oklahoma.
October 11, 1990.
Robert J. Mildfelt, First Asst. Public Defender, Oklahoma City, for appellant.
Robert H. Macy, Oklahoma County Dist. Atty., Cassandra M. Williams, Asst. Dist. Atty., Oklahoma City, for appellee.

*143 OPINION
LANE, Vice Presiding Judge:
Pursuant to 10 O.S.Supp. 1988, § 1104.2 seventeen year old W.D.C., Appellant, was charged as an adult by Information with the crimes of Forcible Anal Sodomy (21 O.S.Supp. 1982, § 888) (Count I) and Forcible Oral Sodomy (21 O.S.Supp. 1982, § 888) (Count II) in Oklahoma County District Court, Juvenile Division, Case No. CRF-89-1543. W.D.C. appeals the finding of probable cause at the preliminary hearing arguing that the child victim was unreliable and therefore the magistrate abused his discretion in finding the child victim, K.M., to be unavailable to testify and allowing a video taped interview of K.M. into evidence. He also appeals the denial of his motion for certification as a child. Although the appellant raises a very serious evidentiary question, we find the question is not properly before us. The finding of probable cause at the preliminary examination is not an appealable order, and therefore we cannot reach the evidentiary question raised therein. We affirm the denial of reverse certification.
W.D.C. is charged with committing oral and anal sodomy on K.M., while he was babysitting the child, between November 1, 1988 and March 14, 1989. K.M. was four (4) years old at the time of the preliminary hearing. The Juvenile Act, 10 O.S. 1981, § 1101 et seq. was amended in 1989 and 1990, however, throughout this opinion we will apply the Act as in force at the time the crime was committed.
There is no doubt that the appellant could appeal from a prosecutive merit finding in a certification order had he been charged as a child. When an individual has been charged as a juvenile and a certification hearing is held to determine whether the child may be tried as an adult, the juvenile judge must make two ultimate findings. The judge must determine both that there is prosecutive merit to the claim and that the accused juvenile is not a fit subject for rehabilitation by the facilities and programs available to the juvenile court. D.A.M. v. State, 760 P.2d 842 (Okl. Cr. 1988). The order granting certification, which is a final appealable order under 10 O.S. 1981, § 1112(e), thus includes the determination of prosecutive merit. This prosecutive merit hearing is not the constitutionally and statutorily required criminal preliminary examination for it is not an examination before a magistrate. See Okla. Const. art. II § 17, 22 O.S. 1981, §§ 251 to 258, Matter of R.L.N., 603 P.2d 1149 (Okl. Cr. 1979).
In the present case the appellant was charged with nonconsensual sodomy, one of the crimes which require that he be considered as an adult. 10 O.S. 1981, § 1104.2(A). This statute makes clear that when a person sixteen (16) or seventeen (17) years of age is considered as an adult *144 for committing certain offenses the Court must hold two separate hearings, the criminal preliminary examination, and upon completion of the criminal preliminary examination, a certification hearing if a motion for certification as a child is filed. See 10 O.S. 1981 § 1104.2(C). This part of the Juvenile Code may be initially confusing for it uses the term "criminal preliminary hearing" rather than follow the language of 22 O.S. 1981, §§ 251 et seq. We find that the legislature intended this hearing to be the preliminary examination required by both the state constitution and 22 O.S. 1981, §§ 251 et seq. Any other interpretation would reach the procedurally absurd result that the court would be required to conduct a second and totally redundant examination if it refused to certify the defendant as a juvenile.
The order denying certification as a child is a final appealable order. 10 O.S. Supp. 1988, § 1104.2(E). However, no statutory authority exists for the appeal by a defendant from a criminal preliminary examination. Therefore, even though the appellant raises a very serious question regarding the admissibility of a video taped interview with K.M. which was admitted into evidence in the preliminary examination, we are unable to consider this issue which is not properly before us.
Appellant's appeal from the denial of his petition for certification is properly before us and will be addressed on the merits. The appellant argues that given his mental age, intelligence, and receptiveness to treatment, the magistrate erred in denying his petition for certification as a child. The Assistant District Attorney does not give the Court the benefit of the State's position for she fails to address this issue in her brief. Section 1104.2 sets forth four (4) factors which the Court must consider when ruling on a motion for certification as a child. The factors, which the legislature has listed in order of importance are:
1. Whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;
2. Whether the offense was against persons or property, greater weight being given for retaining the accused person within the adult criminal system for offenses against persons, especially if personal injury resulted;
3. The record and past history of the accused person, including previous contacts with law enforcement agencies and juvenile or criminal courts ...;
4. The prospects for adequate protection of the public if the accused person is processed through the juvenile system.
Id. The legislature provided explicit guidance to the Court in how it is to reach its decision on the certification motion. The Court must state that it has considered each of the guidelines in reaching the decision, but it need not detail responses to each of the four factors. Id. The magistrate in this case went beyond the legislative fiat and set forth in detail findings of fact regarding each of the four factors.
The Court found that the crime was committed in an aggressive and willful manner based on the fact that the defendant locked the bathroom door so that K.M. could not leave, and that he attempted to cover up the act by rinsing K.M.'s pajamas. The locking of the victim in the bathroom does not in this case show a great deal of aggression, however it certainly is strong evidence of willfulness and premeditation. As to the second factor, the Court found that the crime was against a person and did violence to the personality and mind of K.M. The court found no evidence of the third factor. Regarding the fourth factor, the Court outlined the very difficult situation which exists due to the fact that the defendant had reached the age of eighteen (18) years. He was no longer eligible for children's residential facilities through the Department of Human Services, and he was too old to be defined as a child in need of treatment. The judge stated on the record that no option available to him adequately protected the public.
The reverse certification question is addressed to the sound discretion of the *145 magistrate. Our duty on appellate review of the magistrate's decision, therefore, is not to conduct our own weighing de novo, but rather to determine whether the decision of the magistrate is supported by the law and facts of the case. A decision which is so supported is, by definition, not an abuse of discretion. See Walker v. State, 780 P.2d 1181 (Okl.Cr. 1989). We find the magistrate's decision to be supported by the law and facts of this case. Finding no error warranting reversal of the denial of certification as a child, we affirm the magistrate, and lift the stay imposed by this Court August 24, 1989.