805 P.2d 106 (1991)
K.V.F., an Alleged Delinquent Child, Appellant,
v.
STATE of Oklahoma, Appellee.
No. J-90-0064.
Court of Criminal Appeals of Oklahoma.
January 25, 1991.
Thomas D. McCormick, Oklahoma City, for appellant.
Robert H. Macy, Dist. Atty., Mary H. Smith, Asst. Dist. Atty., Oklahoma City, for appellee.

*107 OPINION
LUMPKIN, Vice Presiding Judge:
Appellant, K.V.F., a sixteen (16) year old juvenile, was certified to stand trial as an adult by the juvenile division of the District Court of Oklahoma County for the offenses of Robbery with Firearms, Counts I and II, pursuant to Title 21 O.S. § 801, and Shooting with Intent to Kill, Counts I and II, pursuant to 21 O.S. § 652, in JF-89-1449, JF-89-1450, JF-89-1451 and JF-89-1452 respectively. That certification was based upon findings of prosecutive merit to the crimes charged, and that K.V.F. was not amenable to rehabilitation within the juvenile system. Further, the record reveals that the prosecutive merit hearing for the juveniles was conducted along with the preliminary hearing for the adult co-defendants. However, the record is void of any reference to a waiver or objection to combining these proceedings. An appeal has been properly perfected to this Court; and upon proper consideration we affirm.
It is well established law that when an individual has been charged as a juvenile and a certification hearing is held to determine whether the child may be tried as an adult, the hearing judge must make two ultimate findings. The judge must determine both that there is prosecutive merit to the charge and that the accused juvenile is not amenable to rehabilitation by the facilities and programs available to the juvenile court. W.D.C. v. State, 799 P.2d 142 (Okl.Cr.1990); D.A.M. v. State, 760 P.2d 842 (Okl.Cr.1988).
Appellant contends that reversible error occurred in both the prosecutive merit hearing and the certification hearing. Although a prosecutive merit hearing is not in and of itself appealable, a determination of prosecutive merit must be made before reaching the issue of the appropriateness of certification. Thus, the order granting certification, which is a final appealable order under 10 O.S.1981, § 1112(e), includes the determination of prosecutive merit. W.D.C. at 143. Any issues involving prosecutive merit can only be reviewed through the appeal of the certification.
The evidence presented during that hearing revealed that in the early morning of July 1, 1989, two employees of the Daily Oklahoman, Fred Woolridge and Benson Nwosu, were in the parking lot located at N.W. 36th and Kelly in Oklahoma City, when they were approached by several young males. According to Mr. Woolridge, two of these young men came up to them and demanded their money. After Mr. Woolridge and Nwosu handed over their money, the young man carrying the .22 caliber automatic rifle. opened fire and hit Mr. Nwosu in both legs with two rounds, and Mr. Woolridge in the leg, foot and neck with three rounds, leaving Mr. Woolridge paralyzed from his chest down. Mr. Woolridge was unable to identify the gunman and his companions. However, Mr. Nwosu identified the gunman and further identified some of the other defendants as being present, including the Appellant. The Oklahoma City Police arrived at the scene shortly after the incident and were given a description of the suspects and the car in which they fled. This description was then broadcast over the police radio dispatch, and within minutes of the dispatch the vehicle, with its five occupants, was stopped *108 approximately one mile away from the crime scene.
Appellant contends that there was insufficient evidence to support the trial court's finding of prosecutive merit. First, he alleges that his confession is inadmissible because it was not taken in compliance with 10 O.S.1981, § 1109(A). Second, he asserts that the trial court considered inadmissible evidence when it permitted the admission of statements made by non-testifying co-defendants in violation of the rule in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).
The purpose of the prosecutive merit hearing is not to determine the guilt of the juvenile, but simply to establish his status for prosecution. At this hearing the State's burden of proof is minimal. We find that Judge Lane accurately concluded in his separate opinion to R.J.D. v. State, 799 P.2d 1122 (Okl.Cr.1990), that it is at this stage in a juvenile proceeding that the State is required to come forward with its evidence to "show that a crime has been committed and that there is a reasonable likelihood that the Appellant committed the offense."
In Peterson v. State, 473 P.2d 293 (Okl.Cr.1970), this Court held that where warnings given defendant prior to her confession clearly conveyed substantive warnings regarding right to counsel, and to remain silent, defendant's confession was admissible even if warnings given did not exactly adhere to the formula suggested in the Miranda decision. The purpose of the statute is to ensure that a juvenile has counsel and the advice of one acting in loco parentis before waiving his rights. R.L.H. v. State, 746 P.2d 1162 (Okl.Cr.1987). The State presented evidence indicating that both the juvenile and his grandmother were advised of their rights pursuant to Miranda. Hence, both parties were given the proper warnings, which included the right to counsel, prior to the juvenile's statement. Therefore, we find Appellant's statement admissible for the purpose of this hearing.
Next Appellant asserts that the admission of the confessions of co-defendants was error. In Bruton the United States Supreme Court found that the admission of a confession of a non-testifying co-defendant violated a defendant's right of confrontation under the Sixth Amendment to the United States Constitution. The statements referred to in Bruton were admitted at trial before a jury. Here we are looking at the sufficiency of the evidence presented at the prosecutive merit stage in the presence of a judge without a jury. We agree that the admission of co-defendants' statements could create a Bruton problem at trial. However, at this stage of the proceeding it could only be considered harmless error in view of the sufficiency of the independent evidence linking Appellant to the alleged offense and Appellant's apparent agreement to the joint preliminary hearing and prosecutive merit proceedings. This joint proceeding allowed the admission of evidence which might not have been admissible in each case had each case been heard separately. In addition, Appellant alleges a Bruton objection to the statements made by co-defendants for the first time here on appeal. Therefore, we find that the trial court correctly ruled in finding prosecutive merit to the charges.
Finally, Appellant complains that the trial court abused its discretion by certifying him to stand trial as an adult. Appellant argues that the evidence presented did not show that he was unfit for rehabilitation in the juvenile system. We disagree. Section 1112(b) sets forth six factors the trial judge must consider when determining the prospects for reasonable rehabilitation as follows:
1. The seriousness of the alleged offense to the community, and whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;
2. Whether the offense was against person or property, greater weight being given to offenses against persons especially if personal injury resulted;
3. The sophistication and maturity of the juvenile and his capability of distinguishing *109 right from wrong as determined by consideration of his psychological evaluation, home, environmental situation, emotional attitude and pattern of living;
4. The record and previous history of the juvenile, including previous contacts with community agencies, law enforcement agencies, schools, juvenile courts and other jurisdictions, prior periods of probation or prior commitments to juvenile institutions;
5. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile if he is found to have committed the alleged offense, by the use of procedures and facilities currently available to the juvenile court; and
6. Whether the offense occurred while the juvenile was escaping or in an escape status from an institution for delinquent children.
In the present case the Court found that the crimes charged were committed in an aggressive, violent, premeditated and willful manner based on the fact that two individuals were injured as a result of the robbery and shooting, greater weight being given to personal injury, as opposed to property. As to the third factor, the Court determined from the psychological evaluation that, although Appellant has a depressed I.Q. and has internalized a negative set of values, it was not shown that he lacked sophistication and maturity or an inability to distinguish right from wrong. Further, the juvenile's record and history revealed significant contacts with law enforcement agencies and the juvenile justice system involving both commitment and community based supervision. The juvenile court found no evidence of the sixth factor. In conclusion, the judge determined that there was very little likelihood of reasonable rehabilitation or of protecting the public utilizing the procedures and facilities currently available under our present juvenile system.
The finding that a juvenile is unfit for rehabilitation is a discretionary decision to be made by the judge, but the decision must be based on substantial evidence against the juvenile's claim to the benefit of juvenile treatment. J.D.L., Jr. v. State, 782 P.2d 1387 (Okl.Cr.1989); In re E.O., 703 P.2d 192, 193 (Okl.Cr.1985). The Appellant had been in the Department's Rehabilitative Treatment Center for 18 months. The juvenile had also spent time in Speck Home for Boys, and other facilities over the past few years. Dr. Herman Jones, psychologist, testified that while it appears that Appellant has the ability to be rehabilitated, his failure to be able to make use of the previous treatment interventions, including placement in a secure residential facility, post-institutional group home, and an intensive and specialized outpatient program, would require time and resources that do not exist within the juvenile justice system. Appellant's alleged involvement in negative activity only 3-4 weeks after being released from a community based residential facility would indicate that after such external constrains were reduced, that he would again present an unacceptable risk to the public upon return to the community. When all the evidence concerning rehabilitation is considered, we find that the trial court's decision that the Appellant was not amenable to rehabilitation in the juvenile system is supported by the law and the facts of this case. See J.D.L., Jr., at 1392. A decision which is so supported is, by definition, not an abuse of discretion. See Walker v. State, 780 P.2d 1181 (Okl.Cr.1989). Accordingly, the order of the juvenile court certifying Appellant to be tried as an adult is AFFIRMED.
LANE, P.J., and BRETT and JOHNSON, JJ., concur.
PARKS, J., concurs in result.