v.

**STATE of Oklahoma, Appellee.**

No. J–2000–1066.

Court of Criminal Appeals of Oklahoma.

Dec. 19, 2000.

---

5. *Miller v. State,* 1998 OK CR 59, 977 P.2d 1099, 1107, *cert. denied,* 528 U.S. 897, 120 S.Ct. 228, 145 L.Ed.2d 192 (1999). ·

6. 20 O.S.1991, § 3001.1.

*ACCELERATED DOCKET ORDER*

¶ 1 Appellant, born March 27, 1985, was charged as an adult with Murder in the First Degree in the District Court of Stephens County, Case No. CF–00–145. Appellant's adopted father was fatally stabbed May 2, 2000, in the neck and chest with a knife. On May 9, 2000, Appellant, by and through counsel, filed a motion to be certified as a juvenile or as a youthful offender. In this motion Appellant's counsel requested that a certification study be prepared.[1]

¶ 2 On May 11, 2000, the Honorable William B. Buxton, Special Judge, scheduled the preliminary hearing for June 7, 2000. Judge Buxton ordered a certification study be prepared on May 12, 2000, as requested by Appellant's May 9, 2000, motion.[2] On June 7, 2000, the preliminary hearing was continued to July 14, 2000. On June 22, 2000,

Appellant's counsel requested a continuance from July 14, 2000, stating that in order to properly prepare, Appellant "must retain and present expert testimony." Appellant stated that he had retained an expert but that this expert would not be prepared to testify by July 14, 2000. Judge Buxton continued the preliminary hearing to July 31, 2000.

¶ 3 On July 24, 2000, Appellant's counsel again requested a continuance of "at least thirty days" stating:

> The defendant has retained an expert and has submitted records and files to said expert for his review but said expert has informed the undersigned that he will not be in a position to offer evidence by the July 31st date. The testimony of said expert is critical to defendant's defense and the undersigned cannot be prepared without such testimony.

Judge Buxton denied Appellant's motion for a continuance finding:

> The Court finds that the Preliminary Hearing in this matter must be completed within ninety (90) days of the charging of the accused person to determine whether the crime of Murder First Degree has been committed and whether there is probable cause to believe the accused person committed the crime.

¶ 4 Following the preliminary hearing July 31, 2000, Judge Buxton denied Appellant's motion for certification as a youthful offender. Appellant appeals from the denial of his motion.

¶ 5 On appeal Appellant raised three propositions of error:

1. The trial court abused its discretion in not certifying Appellant as a youthful offender.

2. The trial court abused its discretion in not continuing the case at the request of Appellant, which was made without objection by the State. Appellant received ineffective assistance of counsel by counsel's failure to obtain a psychological evaluation of Appellant by the time of the hearing.

---

1. A psychological evaluation was not requested at this time.

2. A psychological evaluation was not ordered to be prepared by the trial judge.

3. Appellant's alleged confession was obtained in violation of his constitutional rights and was coerced.

¶ 6 Pursuant to Rule 11.2(A)(4), *Rules of the Oklahoma Court of Criminal* Appeals, Title 22, Ch.18, App. (2000), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions were presented to this Court in oral argument November 30, 2000, pursuant to Rule 11.2(F). At the conclusion of oral argument, the parties were advised of the decision of this Court.

█ ¶ 7 Because we find merit in part to Appellant's second proposition of error, we will not review the remaining propositions of error. We agree with Appellant that the trial court erred in not continuing this case, at the request of Appellant and without objection by the State, in order that a psychological evaluation could be completed and the expert could testify.

¶ 8 When ruling on a motion for certification as a youthful offender or juvenile, the trial court is required to give consideration to seven guidelines. *See* 10 O.S.Supp.2000, § 7306–2.5(D). The fourth criteria is:

The sophistication and maturity of the accused person and his capability of distinguishing right from wrong as determined *by consideration of his psychological evaluation,* home, environmental situation, emotional attitude and pattern of living.

(Emphasis added.) The fourth criteria requires consideration of a "psychological evaluation." To evaluate the fourth criteria, it is evident from the language of the statute, that the trial court must have a psychological evaluation. The psychological evaluation is also useful for the trial court's consideration of the fifth and sixth guidelines. The fifth criteria requires consideration of the "prospects for adequate protection of the public if the accused person is processed through the youthful offender system or the juvenile system." And, the sixth criteria requires consideration of the "likelihood of reasonable

rehabilitation of the accused person ... by the use of procedures and facilities currently available to the juvenile court."

█ ¶ 9 In *C.R.B. v. State,* 1999 OK CR 1, ¶ 19, 973 P.2d 339, we found that to fully implement the purpose of the Youthful Offender Act, the District Court must have sufficient information which should include a certification study.[3] Therefore, we find that when the certification study is ordered to be prepared as we set forth in *C.R.B.,* the psychological evaluation should also be ordered.

█ ¶ 10 In this case it is apparent from the record that Appellant's request for a continuance in order to have a psychological evaluation prepared, was denied because of the trial judge's concern for the amended language of Section 7306 2.5(C)(2) of Title 10. This statute was amended June 7, 2000, to include the following:

The court shall conduct a preliminary hearing within ninety (90) days of the charging of the accused person, pursuant to Section 258 of Title 22 of the Oklahoma Statutes, to determine whether the crime was committed and whether there is probable cause to believe the accused person committed the crime.

¶ 11 Because the charge was filed against Appellant on May 2, 2000, prior to the amendment of this statute on June 7, 2000, the amended language would not impact the timelines in Appellant's case. Moreover, we specifically hold that the ninety day rule set forth in this statute may be waived by the defendant. However, we also want to emphasize that in all juvenile cases, time is of the essence, and that the purpose of this new statutory language, which is to accelerate juvenile proceedings, should otherwise be strictly followed.

¶ 12 Therefore, the order of the District Court denying Appellant's motion for certification as either a juvenile or as a youthful offender is **REVERSED** and the matter is **REMANDED** to the District Court. The District Court is directed to order a psycho-

---

3. A psychological evaluation was prepared in    *C.R.B.*

logical evaluation be performed and then to conduct a hearing on Appellant's motion for reverse certification after this psychological evaluation has been made available to all of the parties. Again, because time is of the essence in this matter, this process must be completed within sixty (60) days from the date of this Order. An appeal, if desired by either party, can then be initiated from the final order of the District Court.

¶ 13 **IT IS SO ORDERED.**

¶ 14 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 19th day of December, 2000.

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Steve Lile
STEVE LILE, Judge