v.

**STATE of Oklahoma, Appellee.**

**J.L.W., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

Nos. J–2002–875, J–2002–874.

Court of Criminal Appeals of Oklahoma.

Dec. 4, 2002.

## ACCELERATED DOCKET ORDER

¶1 On February 11, 2002, W.L.A. and J.L.W. were charged as Youthful Offenders in Oklahoma County District Court Case No. CF–2002–765 with the following crimes:

Counts I, II and III—Rape in the First Degree

Counts IV, V and VI—Kidnapping

Count VII—Robbery with Firearms

Counts VIII (W.L.A.) and IX (J.L.W.)—Assault while Masked or Disguised

Count X (W.L.A.)—Concealing Stolen Property

Counts XI and XII (W.L.A.)—Possession of a Controlled Dangerous Substance (Cocaine and Marijuana)

Count XIII (W.L.A.)—Unauthorized Use of a Vehicle

Count XIV—Attempted Kidnapping

Count XV—Attempted Robbery with Firearms

¶2 On May 30, 2002, the State filed an Amended Information adding the following counts against "W.L.A. acting jointly with an unknown Black male":

Count XVI (W.L.A.)—Robbery with Firearms

Count XVII (W.L.A.)—Kidnapping

Count XVIII (W.L.A.)—Assault While Masked or Disguised

Count XIX (W.L.A.)—Attempted Robbery with Firearms

Appellants appeal the District Court's order denying their motions to be certified as juveniles and the District Court's order granting the State's motions for imposition of adult sentences.

¶3 Pursuant to Rule 11.2(A)(1), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2002), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions of error were presented in oral argument on October 3, 2002, pursuant to Rule 11.2(F). At the conclusion of oral argument, this Court voted to **AFFIRM** the order of the trial court.

¶4 In their first assignment of error, Appellants argue the trial court committed error in failing to rule on their motions to be certified as juveniles before binding them over for trial.

¶5 The record reveals that at the preliminary hearing on May 17, 2002, the Honorable Nan J. Patton, Associate District Judge, overruled demurrers to the evidence from both defendants and found probable cause existed for all the counts alleged in the Information. The court then observed that motions to be certified as juveniles, filed by both Appellants, required a hearing to be held before a formal bind-over could occur. Neither defense counsel entered an objection to the procedure announced by the court.

¶6 The next appearance of the parties was June 7, 2002, wherein the motions for juvenile certification were argued. Again, no objections were entered at this hearing by either Appellant. During that hearing, the question was raised by defense counsel as to whether Judge Patton, being the same court hearing the preliminary hearing and ruling on the motions to certify as a juvenile, could also hear and rule on the state's motions to impose adult sentences. The court took the matter under advisement. At the conclusion of that hearing, the court denied both Appellants' motions to be certified as juveniles, but made no bind-over order.

¶7 The matter was continued to July 2, 2002, and the court entered a bindover order for both Appellants at the beginning of the hearing. At the conclusion of the same hearing, the court granted the State's motions for imposition of adult sentences for both Appellants.

¶8 Appellants argue the trial court erred when it made a finding of probable cause, before entertaining their motions to be certified as juveniles. Appellants equate the court's finding of probable cause to a defacto bind-over order, and argue that in binding them over for trial, the court lost jurisdiction over the case. In further support of their argument, Appellants cite 10 O.S.2001, § 7306–2.5(D) which provides "the court shall rule on any motions for certification as a youthful offender or juvenile before ruling on whether to bind the accused over for trial."

¶9 The record reveals the trial court did make a finding of probable cause for the charges before hearing the motions to certify as juveniles. The record also reveals the trial court did not bind Appellants over for

trial until after denying their motions to certify. Thus, as required by statute, the trial court ruled on the motions to certify before making any bind-over order. In addition, we reject Appellants' argument as a *non sequitur*. We find the trial court was correct in making a finding that probable cause existed before proceeding with the motions to certify. Obviously, if the State had not established probable cause, some or all of the charges would have been dismissed, and there would have been no reason to proceed with the motions to certify. This proposition of error is without merit.

¶ 10 In the second assignment of error, Appellants argue that after binding them over for trial, the court, acting as magistrate, erred in hearing the State's motion to impose adult sentences, rather than allowing that decision to be made by the trial court.

¶ 11 The procedure utilized by Judge Patton presents an issue of first impression for this Court. Typically, the State of Oklahoma files its motion(s) for imposition of adult sentence no later than thirty (30) days following a defendant's formal arraignment, pursuant to 10 O.S.2001, § 7306–2.8(A)(1). After that filing is made, a hearing is then scheduled by the trial court to hear the State's motion. *See* 10 O.S.2001, § 7306–2.8(B). Once that hearing in concluded, the order certifying or denying certification for imposition of an adult sentence is appealable to this Court. *See* 10 O.S.2001, § 7306–2.8(E). This procedure often involves delays and takes several months to complete, which is never to a juvenile's advantage. In that vein, this Court has repeatedly criticized such delays and stressed that time is of the essence and the purpose of the statutory scheme is to accelerate juvenile proceedings. *See J.R.L. v. State*, 2000 OK CR 26, ¶ 11, 17 P.3d 1041, 1043.

¶ 12 In the case at bar, the State filed its motions for imposition of adult sentences before formal arraignment, indeed, before a bind-over order had even been entered by Judge Patton. Thus, the State's motions for imposition of adult sentences and Appellants' motions for certification as juveniles were both pending before Judge Patton before a bind-over order had been entered.[1] During her ruling overruling defense counsel's objections, Judge Patton expressed reservations about passing the State's motions to another court that had not observed the witnesses and heard the preliminary hearing testimony/evidence.[2]

¶ 13 The advantages of the procedure utilized in this case are obvious. First, the timeframe for the decision(s) to be made, i.e., certification as a juvenile and/or certification for imposition of adult sentence, is greatly accelerated. This is undoubtedly to the juvenile's advantage because it increases the chance of having meaningful time remaining for amenability to treatment and/or rehabilitation. Secondly, this procedure eliminates the redundancy inherent in the current process wherein once the State files a motion for imposition of adult sentence, the trial court has to schedule a hearing and revisit the evidence already presented and heard by the magistrate.

¶ 14 Some are concerned that the disadvantage of the procedure utilized in this case is the opportunity for judge shopping. However, we believe this to be a straw man argument. First, under the current procedure in Oklahoma County, the State has no control over which District Judge is assigned to a felony case and generally would not know the assigned judge until formal arraignment.[3] Secondly, it appears to be to a juvenile's advantage that a judge more familiar with the juvenile justice system make the decision of amenability to treatment and/or rehabilitation. Thirdly, it is not the procedure utilized in this case that creates an opportunity for judge shopping. That opportunity, to the extent it even exists, is already present. The State merely waits until after formal arraignment to file its motion and is thereby guaranteed the motion will be heard by a District Court judge. Finally, as dis-

---

1. We observe there is no statutory prohibition to filing a Motion for Adult Sentencing with a magistrate prior to the preliminary hearing.

2. We likewise prefer that the court that heard the evidence be the court to rule on the motion.

3. We believe this procedure to be uniform across Oklahoma.

cussed above, the current procedure often leaves a juvenile little time, if any, for treatment and/or rehabilitation—a factor always weighed against the juvenile. *See* 10 O.S. 2001, § 7306–2.8(C)(2)(f).

¶ 15 While this Court has recognized that a written bind-over order in a preliminary hearing involving an adult exhausts the jurisdiction of a magistrate over a criminal matter, juvenile cases are uniquely different from routine criminal cases. Historically, our case law was developed prior to court reorganization in 1968 when courts had delineated jurisdiction. Once our unified district court, with general jurisdiction, was established much of that distinction no longer exists. However, we continue to apply that case law in adult felony prosecutions, as it has become an accepted part of our criminal jurisprudence. Juvenile cases involve statutory guidelines, requirements and timelines not applicable to adult felony cases. *See* 10 O.S.2001, § 7306–1.1, et seq.

¶ 16 As such, we **FIND** that if the State elects to file a motion for imposition of adult sentence while the matter is still pending before a magistrate, that magistrate has jurisdiction to decide the motion by making the requisite findings of fact and conclusions of law. However, any such motion **SHALL** be filed at least fourteen (14) days prior to the start of the preliminary hearing. Any ruling by the magistrate certifying or denying certification for imposition of an adult sentence shall be a final order, appealable to this Court when entered. *See* 10 O.S.2001, § 7306–2.8(E). Further, the State can only file the motion for adult sentencing one time, and, if a motion is filed and argued to the magistrate, such motion cannot later be refiled and heard by another judge, i.e., the trial court after formal arraignment. However, if the State elects to file the motion for adult sentencing in the District Court after bind over, it must be filed no later than thirty (30) days following formal arraignment as required by 10 O.S.2001, § 7306–2.8(A)(1).

¶ 17 In their third assignment of error, Appellants argue the trial court erred in not completing the preliminary hearing within the 90 days allotted by 10 O.S.2001, § 7306–2.5(C)(2). The record reveals the criminal Informations were filed against Appellants on February 11, 2002. While commenced within the statutory time frame, the preliminary hearing was concluded on May 17, 2002, 95 days later. The record reveals no objection was ever entered by either Appellant to the five extra days. Therefore, we find this issue has been waived. Moreover, Appellants have neither argued, nor demonstrated any prejudice in the slight delay. See *J.R.L,* 2000 OK CR 26, ¶ 11, 17 P.3d at 1043.

¶ 18 Finally, W.L.A. argues the trial court erred in allowing a written statement by the State's expert witness to be entered into evidence, over objection that the statement violated W.L.A.'s constitutional rights.

¶ 19 The record reveals Dr. Jones' neuropsychological report on W.L.A. was admitted, without objection, as Defendant's Exhibit 1. Later, the State moved to introduce the addendum to Dr. Jones' certification study, which contained the following finding, "[W.L.A.] was moderately open in discussing his background and behavior but he displayed a strong tendency to describe himself in the best possible light and to minimize involvement in perceived negative actions. This could represent relative innocence, but if he is guilty of the charges, would demonstrate an exceptionally strong defense system which would reduce his amenability to treatment."

¶ 20 Appellant objects to this addendum on 5th Amendment grounds because Appellant had been instructed "to not talk about this charge." We find no error. The purpose of this report/addendum at this hearing was not for determining W.L.A.'s guilt or innocence, but rather, his possible amenability to treatment.

¶ 21 **IT IS THEREFORE THE ORDER OF THIS COURT** that the order of the District Court of Oklahoma County is **AFFIRMED.**

¶ 22 **IT IS SO ORDERED.**

¶ 23 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 4th day of December, 2002.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge, concurs in result.
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge
/s/ Steve Lile
STEVE LILE, Judge