ANGELA MARSEE, DISTRICT ATTORNEY, S. BROOKE GATLIN, ASSISTANT DISTRICT ATTORNEY, 111 EAST MAIN, BOX 3, CORDELL, OKLAHOMA 73632, ATTORNEYS FOR THE STATE
REBECCA N. BEASON, MICHAEL T. BEASON, BEASON LAW FIRM, 108 WEST BROADWAY, P.O. BOX 685, ALTUS, OKLAHOMA 73522, ATTORNEYS FOR DEFENDANT
S. BROOKE GATLIN, ASSISTANT DISTRICT ATTORNEY, 111 EAST MAIN, BOX 3, CORDELL, OKLAHOMA 73632, ATTORNEY FOR APPELLANT
REBECCA N. BEASON, MICHAEL T. BEASON, BEASON LAW FIRM, 108 WEST BROADWAY, P.O. BOX 685, ALTUS, OKLAHOMA 73522, ATTORNEYS FOR APPELLEE
ACCELERATED DOCKET OPINION
KUEHN, JUDGE:
*773 ¶1 On August 16, 2017, in the District Court of Washita County, Case No. CF-2017-68, the State charged Appellee, B.C.E.T., by Information as an adult with Felony Murder in the First Degree in violation of 21 O.S.Supp.2012, § 701.7(B), Shooting with Intent to Kill in violation of 21 O.S.2011, § 652(A) ; and Burglary in the First Degree in violation of 21 O.S.2011, § 1431. On July 20, 2017, the date these offenses were alleged to have occurred, Appellee was fourteen (14) years and four (4) months old. On August 31, 2017, Appellee filed an "Amended Motion for Certification as a Child" under the authority of 10A O.S.2011, § 2-5-205. Appellee's Motion asked that the District Court certify him as a child, or alternatively, as a youthful offender.
¶2 The Honorable Jill C. Weedon, Associate District Judge presided over Appellee's preliminary hearing and the hearing on Appellee's request for reverse certification. At the conclusion of those proceedings, the Magistrate took the matter under advisement and on December 19, 2017, filed a detailed written order denying certification as a juvenile but granting certification as a youthful offender. The order further bound Appellee over for trial on all counts. Appellant, the State of Oklahoma, now appeals that order.
¶3 The State's appeal was regularly assigned to this Court's Accelerated Docket under Section XI of the Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch. 18, App. (2018), and oral argument was held on March 29, 2018. Appellant raises a single proposition of error:
The District Court erred in sustaining the Motion to Certify as a Child because the Appellee failed to produce sufficient evidence to establish he is entitled to youthful offender status and sentencing.
After hearing oral argument and after a thorough consideration of Appellant's proposition of error and the entire record before us on appeal, the court affirms the trial court's order certifying Appellee as a youthful offender, as we FIND no abuse of discretion.
¶4 The evidence appropriately weighed by Judge Weedon included testimony from three psychological experts who personally examined Appellee. Each affirmed that Appellee was amenable to treatment and that his prospects for rehabilitation were good. These mental health professionals found Appellee had only a moderate risk of reoffending. Disturbingly, however, there was also testimony that this moderate risk assessment was derived without consideration of those acts Appellee was accused of committing in the charged offenses. We note that in the reverse certification context, a juvenile is presumed to have committed the offenses for which probable cause has been established. The Office of Juvenile Affairs (OJA) officials, treatment providers, or mental health professionals, when performing their evaluations, should not ignore the juvenile's prior behaviors as revealed by competent evidence at the preliminary hearing or as revealed in any other source materials on which competent professionals would reasonably rely in rendering an expert opinion.
¶5 Despite any apparent shortcoming in this one particular aspect of the expert testimony, we recognize Judge Weedon gave thorough consideration to Appellee's behaviors regarding the alleged offenses. In doing so, she heavily weighed those behaviors and fairly weighed the expert opinion testimony, all as required by the reverse-certification guidelines set out within 10A O.S.2011, § 2-5-205(E).
¶6 Certification motions are difficult. They call on courts to make predictions about future behaviors and require trial courts to hear from experts in order to have *774 sufficient information. See J.R.L. v. State , 2000 OK CR 26, ¶¶ 8-9, 17 P.3d 1041, 1043 (recognizing that the statutory criteria for reverse-certification as a youthful offender "requires consideration of a 'psychological evaluation' " and therefore "it is evident from the language of the statute, that the trial court must have a psychological evaluation," as well as a certification study); cf. In Interest of M.D.N. , 493 N.W.2d 680, 687 (N.D. 1992) ("Determining whether a juvenile is amenable to treatment, especially in light of a limited time period within the juvenile system, requires the juvenile court judge to predict the future. It is essential, therefore, that the court hears expert testimony-not as a sole basis for the court's decision, but to assist in its determination."). In turn, it is imperative that the experts provide the trial court more than a general listing of OJA facilities and programs. The trial court must also consider expert testimony about the youth's mental and medical issues and specifically how the Youthful Offender Program will address and treat those delineated issues.
¶7 In this case, although the State criticizes portions of the experts' testimony and their conclusions and opinions as to certification, most of those criticisms involve the weight and credibility to be given to that testimony. Also, the State did not present any experts opposing or challenging Appellee's experts. We have long held that "[t]he credibility of witnesses and the weight and value to be given to their testimony are within the exclusive province of the trier of facts." Brown v. State , 1972 OK CR 55, ¶ 6, 494 P.2d 344, 346, accord Bland v. State , 2000 OK CR 11, ¶ 29, 4 P.3d 702, 714.
"The reverse certification question is addressed to the sound discretion of the magistrate. Our duty on appellate review of the magistrate's decision, therefore, is not to conduct our own weighing de novo , but rather to determine whether the decision of the magistrate is supported by the law and facts of the case. A decision which is so supported is, by definition, not an abuse of discretion."
W.D.C. v. State , 1990 OK CR 71, ¶ 8, 799 P.2d 142, 144-45. See also Cargle v. State , 1995 OK CR 77, ¶ 25, 909 P.2d 806, 816 ("We see no abuse of discretion here, as we find the court's ruling is reasonably supported by competent evidence."). Judge Weedon clearly established in her comprehensive Findings of Fact that she weighed all of the testimony and exhibits in deciding to certify Appellee as a Youthful Offender.
¶8 Having reviewed the appellate record in this case, we find that the Judge's decision was not an abuse of discretion and was supported by the facts and law.
DECISION
¶9 The order of the District Court of Washita County granting Appellee's motion for certification as a youthful offender in Case No. CF-2017-68 is AFFIRMED . Pursuant to Rule 3.15 of this Court's Rules , MANDATE IS ORDERED ISSUED on the filing of this decision.
Lumpkin, P.J.: CONCUR
Lewis, V.P.J.: CONCUR IN RESULTS
Hudson, J.: DISSENT
Rowland, J.: CONCUR
LEWIS, VICE PRESIDING JUDGE, CONCURS IN RESULTS:
¶1 I write separately to clarify perceived inconsistencies in the Opinion's finding that the O.J.A. experts did not consider B.C.E.T.'s charged offenses when making their recommendation. In fact, the O.J.A. psychological clinician testified that one testing tool did not take the charged offenses into account, but she considered everything in making her recommendation. Had the experts not considered the instant offenses in making their recommendation, then their recommendation would be faulty. I do not believe the recommendation is faulty, as I believe they considered everything including the instant offenses.
¶2 I find that the experts based their findings with due consideration to the instant offenses in making their recommendation, and the trial court properly considered the recommendations of those experts, as well as the instant offenses. I, therefore, join the *775 Opinion in finding that the trial court did not abuse its discretion in making its decision.