2002 OK CR 37

**Cody Tyler PHILLIPS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F 2002–0775.**

Court of Criminal Appeals of Oklahoma.

Nov. 20, 2002.

---

ORDER DENYING APPELLANT'S MO-
TION TO HOLD YOUTHFUL OF-
FENDER APPEAL IN ABEYANCE
AND ORDER GRANTING EXTEN-
SION OF TIME TO FILE BRIEF

¶ 1 On October 3, 2002, Appellant, by and through counsel Robert Nigh, Jr., filed a motion requesting the above styled appeal be held in abeyance pending Appellant's treatment as a Youthful Offender in the custody of the Rogers County Office of Juvenile Affairs. Counsel, in part, sets forth the following:

1. By Information filed June 5, 2001, the Appellant, Cody Tyler Phillips, was charged in Rogers County Information No. CF–2001–269 with Murder in the First Degree in violation of 21 O.S. 1998, § 701, or in the alternative Murder in the Second Degree in violation of 21 O.S.1976, § 701.8.

2. Mr. Phillips' motion for certification as a Youthful Offender or juvenile was initially denied by the trial court. This Court reversed and directed that Mr. Phillips be tried as a Youthful Offender. *C.T.P. v. State,* 40 P.3d 490 (Okl. Cr.2002).

3. Jury trial was held from May 14, 2002, to May 17, 2002, before the Honorable Jack K. Mayberry, Judge of the District Court. At the close of the trial the jury found Mr. Phillips guilty of Murder in the Second Degree in violation of 21 O.S.1976, § 701.8. On June 11, 2002, the Court ordered Mr. Phillips placed in the custody of the Office of Juvenile Affairs for an indeterminate term. The Judgment and Sentence was filed on June 13, 2002. . . .

4. The Appellant timely filed Notice of Intent to Appeal and Designation of Record. The Appellant remains in the custody of the Office of Juvenile Affairs. A direct appeal has been duly initiated and perfected in this Court pursuant to 22 O.S.1991, § 1051, and Section 3, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (1999). The Petition in Error was duly filed on September 5, 2002. Currently Mr. Phillips' principle brief is due on November 11, 2002.

¶ 2 Counsel states that in the event Appellant successfully completes his Youthful Offender treatment, he wishes to dismiss this appeal and counsel believes Appellant's treatment in a juvenile facility as a Youthful Offender is appropriate. Counsel also states: "Mr. Phillips wishes to take advantage of the services available to him in the custody of the Office of Juvenile Affairs, and for that reason does not wish to proceed with the appeal." However, counsel states that if an effort is made to bridge Appellant to the Oklahoma Department of Corrections, he "believes errors which occurred at Mr. Phillips' jury trial should be raised on appeal to prevent this result."

¶ 3 Appellate counsel cites no authority to hold the above styled appeal in abeyance until it is determined whether the State will request Appellant be bridged to the Department of Corrections, and we find none. Petitioner's conviction must be timely appealed as is required for all appeals to this Court. However, if in the future Appellant is revoked from the Youthful Offender treatment plan or upon reaching eighteen/nineteen years of age is transferred to the custody of the Department of Corrections pursuant to Section 7306–2.10 of Title 10, then Appellant

can appeal the revocation/transfer to the Department of Corrections. *See* 10 O.S.2001, § 7306–2.10(H). At that time this Court will review to determine whether there is sufficient evidence to revoke by a clear and convincing evidence standard, or if there has been an abuse of discretion in transferring the Youthful Offender to the Department of Corrections rather than discharging the Youthful Offender.

¶ 4 Accordingly, Appellant's motion to hold the appeal in abeyance is **DENIED.** As the Notice to Transmit was issued on September 11, 2002, Appellant's brief is due to be filed on or before November 10, 2002. Due to the time required to address the issue presented, Petitioner's October 3, 2002, request for an extension of time to file the brief is **GRANTED,** and Petitioner's brief shall be filed on or before December 10, 2002.

¶ 5 **IT IS SO ORDERED.**

¶ 6 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 20th day of November, 2002.

/s/ Gary L. Lumpkin

GARY L. LUMPKIN, Presiding Judge

/s/ Charles A. Johnson

CHARLES A. JOHNSON, Vice Presiding Judge

/s/ Charles S. Chapel

CHARLES S. CHAPEL, Judge

/s/ Reta M. Strubhar

RETA M. STRUBHAR, Judge

/s/ Steve Lile

STEVE LILE, Judge