v.

**STATE of Oklahoma, Appellee.**

**No. J–2003–1398.**

Court of Criminal Appeals of Oklahoma.

April 8, 2004.

*ACCELERATED DOCKET ORDER*

¶ 1 Appellant pled guilty as a Youthful Offender in the District Court of Comanche County, District Court Case No. CF–2001–0517, to Robbery With A Dangerous Weapon and was sentenced to five years under the custody and control of the Office of Juvenile Affairs (OJA). Following a "Re–Disposition Hearing" on December 8, 2003, the Honorable C. William Stratton, Associate District Judge, found Appellant "failed substantially to comply with the previously adopted written plan of rehabilitation" and ordered Appellant to serve the balance of the Youthful Offender sentence as an adult in the Department of Corrections (DOC), with credit for time served prior to going AWOL. Appellant appeals from the order of the District Court bridging Appellant from the Youthful Offender System into DOC.

¶ 2 On appeal Appellant raised the following propositions of error:

1. Appellant was denied his statutory and constitutional right to due process when the State failed to give Appellant written notice of the allegations supporting the bridging of Appellant into the Department of Corrections.

2. The trial court failed to address the six required factors the Legislature has required to be addressed when bridging a Youthful Offender into the custody of the Department of Corrections pursuant to 10 O.S.2001, § 7306–1.10(F)(5).

¶ 3 Pursuant to Rule 11.2, *Rules of the Oklahoma Court of Criminal* Appeals, Title 22, Ch.18, App. (2003), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions were presented to this Court in oral argument March 25, 2004, pursuant to Rule 11.2(F). At the conclusion of oral argument, the parties were advised of the decision of this Court.

■ ¶ 4 After hearing oral argument and reviewing the record on appeal, we find it necessary to reverse and remand this matter to the District Court for non-compliance with the statute. At 10 O.S.2001, § 7306–2.10(F), it is provided that the trial court, at the conclusion of any review hearing in open court and after consideration of all reports and other evidence properly submitted to the court, may proceed as provided in Section 991a of Title 22 and impose the remainder of the sentence as provided by law for an adult punishment of the offense committed including transfer of the Youthful Offender to the custody or supervision of DOC for the remainder of the Youthful Offender sentence. When the decision is made to transfer custody of the Youthful Offender to the custody of DOC, the trial judge is required to detail findings of fact and conclusions of law addressing the grounds alleged in the motion of the State.

¶ 5 In this case the State did not file a motion to bridge Appellant to the Department of Corrections which sets out the grounds for bridging Appellant, and the District Court did not make written findings of fact and conclusions of law.

¶ 6 We, therefore, use this opportunity to expand our decision in *Phillips v. State,* 2002 OK CR 37, 59 P.3d 516, and set forth procedures for bridge-over cases. In *Phillips* we determined that if a Youthful Offender is revoked from the Youthful Offender treatment plan or reaches eighteen/nineteen years of age and is transferred to the custody of DOC pursuant to Section 7306–2.10 of Title 10, then the Youthful Offender can appeal the revocation/transfer to DOC. This Court will review to determine whether there is sufficient evidence to revoke by a clear and convincing evidence standard, or if there has been an abuse of discretion in transferring the Youthful Offender to DOC rather than discharging the Youthful Offender. *Phillips,* 59 P.3d at 517–18.

■ ¶ 7 As in revocations and accelerations, the State will henceforth be required to file a motion setting forth the grounds for bridging the Youthful Offender to DOC. Proper service must be made upon the Youthful Offender and, if required, the custodial parent, guardian or next friend of the Youthful Offender. Competent evidence justifying bridging the Youthful Offender must be presented to the trial court at a hearing to be held for that purpose. Written findings of fact and conclusions of law shall be made by the trial judge.

¶ 8 Therefore, finding merit to Appellant's first proposition of error, this matter is **REVERSED** and **REMANDED** to the District Court of Comanche County for further proceedings consistent with this Order.

¶ 9 **IT IS SO ORDERED.**

¶ 10 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 8th day of April, 2004.

/s/ Steve Lile DISSENTS
STEVE LILE, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge