989 P.2d 936 (1999)
1999 OK CR 7
G.G., Appellant,
v.
STATE of Oklahoma, Appellee.
No. J 98-1226.
Court of Criminal Appeals of Oklahoma.
March 2, 1999.

*937 ACCELERATED DOCKET ORDER

¶ 1 Appellant, born March 4, 1982, was charged by Information as a Youthful Offender with Shooting With Intent to Kill in the District Court of Oklahoma County, Case No. CF-98-0512. Appellant's motion for certification to the juvenile system was denied July 6, 1998, and Appellant was ordered to stand trial as a Youthful Offender. The denial of certification to the juvenile system was not appealed to this Court.
¶ 2 On July 6, 1998, pursuant to Section 7306-2.8 of Title 10, the State then filed in the District Court a Motion for Imposition of an Adult Sentence. Following a hearing on October 15, 1998, the State's motion was granted by the Honorable Virgil C. Black, District Judge. Appellant appeals from the order of the District Court granting the State's motion.
¶ 3 On appeal, Appellant raises two propositions of error:
1. The District Judge abused his discretion in refusing to apply relevant portions of the Youthful Offender Act, 10 O.S. Section 7306-2.1.
2. The District Judge abused his discretion in sustaining the State's motion to impose adult sentence.
¶ 4 This appeal was automatically assigned to the Accelerated Docket of this Court. The propositions were presented to this Court in oral argument January 14, 1999, pursuant to Rule 11.2(F), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (1998). At the conclusion of oral argument, the parties were advised of the decision of this Court.
¶ 5 The testimony at the preliminary hearing was that Appellant, fifteen at the time, allegedly shot Charles Campbell. Appellant arrived at Campbell's girlfriend's house in a car driven by Jimmy Robinson a/k/a "Ghost". Ghost was bringing his girlfriend to fight Campbell's girlfriend. However, Campbell wanted to fight Ghost because Ghost had given Campbell's cousin's girlfriend gonorrhea who in turn had given the disease to Campbell's cousin. Campbell walked towards Ghost's car and told Ghost to "get out of the damn car" and called him a "bitch". Appellant, whom Campbell did not know, then exited the car, pulled out a gun and shot Campbell in the left eye brow. Campbell is now blind in his left eye.
¶ 6 The Youthful Offender Act [Act] became effective January 1, 1998. See 10 O.S.Supp.1997, § 7306-2.1. The purpose of the Act is clearly set out in Section 7306-2.2(B) wherein it states:
It is the purpose of the Youthful Offender Act to better ensure the public safety by holding youths accountable for the commission of serious crimes, while affording courts methods of rehabilitation for those youths the courts determine, at their discretion, may be amenable to such methods. *938 It is the further purpose of the Youthful Offender Act to allow those youthful offenders whom the courts find to be amenable to rehabilitation by the methods prescribed in the Youthful Offender Act to be placed in the custody or under the supervision of the Office of Juvenile Affairs for the purpose of accessing the rehabilitative programs provided by that Office and thereby, upon good conduct and successful completion of such programs, avoid conviction for a crime.
Under this new Act, it is clear that the Legislature seeks to ensure the safety of the community, but at the same time provide viable methods of rehabilitation for those youths the courts deem may be amenable to such methods. See Section 7306-2.2(B).
¶ 7 Convicted as a "youthful offender", the court may impose sentence in the manner provided by law for an adult for punishment of the offense committed, subject to the power and authority of the court to suspend or delay sentence, defer judgment, or otherwise structure, limit, or modify the sentence. The sentence may not exceed the amount of time of a possible sentence for an adult convicted of the same offense or ten years, whichever is less. 10 O.S.Supp.1997, § 7306-2.9(B).
¶ 8 The Legislature further provided that "[w]henever the district attorney believes that there is good cause to believe that a person charged as a youthful offender would not reasonably complete a plan of rehabilitation or the public would not be adequately protected if the person were to be sentenced as a youthful offender", the district attorney may file a motion for the youthful offender to be sentenced as an adult if convicted. 10 O.S.Supp.1997, § 7306-2.8(A). This motion must be filed not less than ten days prior to trial or at the time of a guilty plea or plea of nolo contendere. Id.
¶ 9 When this motion is filed by the District Attorney, and prior to trial or before the entry of a plea of guilty or nolo contendere, the statute requires the trial court to hold a hearing on the State's motion and to order an investigation be conducted by the Department of Juvenile Justice unless this is waived by the accused with the approval of the court. Section 7306-2.8(B) and (C). At the hearing the trial court must consider the following:
1. The seriousness of the alleged offense to the community, and whether the offense was committed in an aggressive, violent, premeditated or willful manner,
2. Whether the offense was against persons or property, greater weight being given for offenses against persons and, if personal injury resulted, the degree of injury,
3. The sophistication and maturity of the accused person and his capability of distinguishing right from wrong as determined by consideration of his psychological evaluation, home, environmental situation, emotional attitude and pattern of living,
4. The record of the person including previous involvements with law enforcement agencies or courts, or prior periods of probation or prior commitments to institutions for delinquent behavior, and the previous history of the person with community agencies and schools,
5. The prospects for adequate protection of the public,
6. The likelihood of reasonable rehabilitation of the youthful offender if he is found to have committed the alleged offense, by the use of procedures and facilities currently available to the court if the accused person is processed through the youthful offender system, and
7. Whether the offense occurred while the person was escaping from a secure facility for youthful offenders or delinquent children.
10 O.S.Supp.1997, § 7306-2.8(C)(2).
¶ 10 The Legislature directed that the trial court shall certify the person as eligible for the imposition of an adult sentence only after a hearing and after consideration of the report of the investigation and "only if it finds by clear and convincing evidence that there is good cause to believe that the accused person would not reasonably complete a plan of rehabilitation or that the public would not *939 be adequately protected if the person were to be sentenced as a youthful offender." 10 O.S.Supp.1997, § 7306-2.8(D).
¶ 11 Missing from Section 7306-2.8 is specific language that an order granting or denying the State's motion for imposition of an adult sentence is a final order, appealable when entered. However, the parties agreed, and we now FIND, that an order granting or denying the State's motion for imposition of an adult sentence is a final order, appealable when entered. The appeal of an order granting or denying the State's motion for imposition of an adult sentence is another form of appeal from certification or reverse certification of a juvenile, or a youthful offender, which falls under our Rules and will be treated as such.[1]
¶ 12 The Act creates a presumption that a youthful offender who is tried and found guilty, shall be sentenced as a youthful offender. However, Section 7306-2.8 creates an exception to the presumption by providing a vehicle for the State to have a youthful offender sentenced as an adult. For the State to succeed, the burden is upon the State to prove by "clear and convincing evidence" that either (1) there is good cause to believe that the accused person would not reasonably complete a plan of rehabilitation or (2) the public would not be adequately protected if the person were to be sentenced as a youthful offender.
¶ 13 In this case the State offered no witnesses but relied upon (1) a "quick offer of proof" which was based upon the transcript of the preliminary hearing and (2) the Youthful Offender Study prepared by David Young which was entered as State's Exhibit 1. The State then rested on its motion. The record reflects that the trial judge did not review, as defense counsel requested, the transcript of the preliminary hearing which was heard by the Honorable David M. Harbour. Appellant called three witnesses: David Young who prepared the Youthful Offender Study; Tom Lynch, employed by the Office of Juvenile Affairs, Probation and Parole; and, Stamatis Hondronastas, employed with the Office of Juvenile Affairs. The trial judge granted the State's motion, but did not make detailed findings of fact and conclusions of law as to each of the guidelines set out in Section 7306-2.8(C)(2). An order setting forth findings of fact and conclusions of law is not part of the record on appeal.
¶ 14 As set forth in C.R.B. v. State, 1999 OK CR 1, ¶ 19, 973 P.2d 339, "[b]ecause of the enactment of the Youthful Offender Act and the Legislature's intent in establishing methods of rehabilitation for those youths who may be amenable, but at the same time ensure the public's safety, we now find that we do not have sufficient record in this case to properly review the trial court's decision." The trial judge did not make findings of fact as to each of the guidelines when he granted the State's motion. The State offered no witnesses. The witnesses called by Appellant support Appellant's contention that he should not be sentenced as an adult.
¶ 15 Therefore, by a five (5) to zero (0) vote to reverse and a four (4) to one (1) vote to remand, this matter is REVERSED and REMANDED to the District Court for a full adversarial hearing at which the State will have the burden of proof to establish by clear and convincing evidence that Appellant should be sentenced as an adult. Both parties may put on evidence. The trial court shall consider the evidence and issue an order with detailed findings of fact as to each of the guidelines and conclusions of law. If either party then desires to appeal the decision of the trial court, an appeal may be initiated in this Court pursuant to Sections VII and XI of the Rules of this Court.
¶ 16 IT IS SO ORDERED.
¶ 17 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 2nd day of March, 1999.
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Steve Lile
STEVE LILE, Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge,
concurs to reverse/dissents to remand
*940 LUMPKIN, Vice-Presiding Judge: concurs in part/dissents in part.
¶ 1 I agree with the Court's action to reverse the decision of the District Court allowing Appellant to be sentenced as an adult. The reason is the State failed to present "clear and convincing evidence" to overcome the presumption as set out in ¶ 12 of the Court's opinion. Therefore, the presumption of sentencing as a Youthful Offender applies.
¶ 2 I continue to object to the Court's disregard of the statutory language of the Youthful Offender Act. See C.R.B. v. State, 1999 OK CR 1 at ¶¶ 4-6, 973 P.2d 339 (Lumpkin, J. Concur in Part/Dissent in Part). The same analysis I applied there should apply here. The State had its opportunity to put on "clear and convincing evidence" to rebut the presumption of Youthful Offender sentencing and they did not. I would not give them a second chance. The case should be remanded with instructions to sentence pursuant to the Youthful Offender Act.
NOTES
[1] For procedures to appeal, see Sections VII and XI of the Rules of this Court.