992 P.2d 911 (1999)
1999 OK CR 50
A.J.B., and J.M.A., Appellants,
v.
STATE of Oklahoma, Appellee.
Nos. J-1999-1104, J-1999-1105.
Court of Criminal Appeals of Oklahoma.
December 16, 1999.

ACCELERATED DOCKET ORDER
¶ 1 Appellants, A.J.B., and J.M.A., appealed to this Court from an order of the District Court of Cleveland County, Case Nos. CF-99-483 and CF-99-484, granting the State's motion to sentence them as adults, pursuant to 10 O.S.Supp.1998, § 7306-2.8. In those cases, Appellants were charged as Youthful Offenders with Robbery With a Dangerous Weapon. On June 10, 1999, the preliminary hearings for both cases were conducted. Appellants' motions for certification as juveniles were denied and they were bound over as Youthful Offenders on the charges. At the conclusion of the preliminary hearing, formal arraignment was set for July 7, 1999.
¶ 2 At the formal arraignment on July 7, 1999, Appellants entered, and the District Court accepted, their pleas of guilty. In Case No. CF-99-483, the Plea of Guilty Summary of Facts form indicates A.J.B. was charged as a Youthful Offender, but does not list any range of punishment. In Case No. CF-99-484, the Plea of Guilty Summary of Facts form on J.M.A. indicates both a charge, and a range of punishment of zero (0) to ten (10) years, as a Youthful Offender. The sentencing hearings were scheduled on August 12, 1999. A minute order in Case No. CF-99-483 states the case was set for sentencing under the Youthful Offender Act. The minute order in Case No. CF-99-484 notes the State announced an intent to file a motion to sentence as an adult.
¶ 3 At the sentencing hearing on August 12, 1999, the State announced it had filed a motion to sentence Appellants as adults.[1] The parties were apparently prepared and offered testimony and evidence in support of and in opposition to the motion. At the conclusion of the evidence, the District Court granted the State's motion for sentencing as *912 adults. Appellants were sentenced as adults to terms of ten (10) years imprisonment in the custody of the Department of Corrections. Appellants filed these proceedings, pursuant to 10 O.S.Supp.1998, § 7306-2.8, and G.G. v. State, 1999 OK CR 7, ¶ 11, 989 P.2d 936, to appeal the District Court order granting the State's motion for sentencing as adults.
¶ 4 Appellants raise two (2) propositions of error. The first proposition contends the State failed to file its motion for imposition of the sentence as an adult within the time period dictated by the Legislature; therefore, jeopardy attached upon the entry of their pleas as Youthful Offenders and the trial court had no authority or jurisdiction to sentence Appellants as adults. The second proposition claims the trial court abused its discretion in not certifying Appellants as Youthful Offenders.
¶ 5 Pursuant to Rule 11.2(A)(4) of the Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (1999), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument on November 18, 1999, pursuant to Rule 11.2(F). At the conclusion of oral argument, this Court unanimously voted to reverse the District Court's order granting the State's motion to sentence Appellants as adults, and to remand to the District Court for sentencing as Youthful Offenders. This Court agreed with Appellants on Proposition One, that the State waived the opportunity to seek adult sentencing by failing to file the motion and hold the adult sentencing hearing before the entry of Appellants' guilty pleas.
¶ 6 Pursuant to the Youthful Offender Act, whenever the State believes that a person charged as a youthful offender should receive an adult sentence, the State "shall file a motion for consideration of the imposition of the sentence as for an adult if the person is convicted ... [a]t the time of a guilty plea." 10 O.S.Supp.1998, § 7306-2.8(A). Upon the filing of such motion and before the entry of the plea of guilty, the court shall hold a hearing to determine the matter. 10 O.S.Supp.1998, § 7306-2.8(B). If the person has been certified as eligible to be sentenced as an adult, the court may then impose sentence as provided by law for an adult for punishment of the offense committed. 10 O.S.Supp.1998, § 7306-2.8(E). Contrary to these provisions of the Youthful Offender Act, Appellants' guilty pleas as Youthful Offenders were entered and accepted by the District Court before the motions to sentence Appellants as adults were filed or heard.
¶ 7 The State candidly acknowledges the motions were not filed and the hearings were not held in accordance with the statutes. The State also acknowledges it had sufficient notice of the formal arraignment, and the fact Appellants could enter pleas of guilty at that time. One of the State's arguments is that the statute seems inconsistent in that subsection A of Section 7306-2.8 allows the filing of the motion for adult sentencing at the time of the guilty plea, whereas other subsections require filing before the guilty plea.
¶ 8 Statutory provisions must be reconciled and interpreted as being consistent if possible. E.g. Jackson v. State, 1998 OK CR 39, ¶ 39, 964 P.2d 875, 887. If subsection A were interpreted to allow the filing of the motion at, or after, the time the guilty plea was accepted, it would not be consistent with other provisions in the section which require the hearing on the motion to be held before the entry of the plea, and which authorize adult sentencing only if the person has been certified as eligible to be sentenced as an adult. 10 O.S.Supp.1998, § 7306-2.8(B) & (E). We find subsection A can and should be interpreted as requiring completion of proceedings on the motion for adult sentencing before a guilty plea is fully entered or accepted. Even subsection A notes that proceedings on the motion are only operative "if the person is [subsequently] convicted." 10 O.S.Supp.1998, § 7306-2.8(A).
¶ 9 The State also argues the motions for adult sentencing were filed within a reasonable time after entry of the pleas of guilty, and that Appellants waived any error by not raising the issue and by allowing the proceedings to continue. However, we find the State, like defendants, must raise proper objections and preserve errors and/or opportunities, otherwise they are waived. See, *913 e.g., Ybarra v. State, 1987 OK CR 31, ¶ 24, 733 P.2d 1342, 1346; Johnson v. State, 1983 OK CR 53, ¶ 17, 662 P.2d 687, 690. The requirement in Section 7306-2.8, that the motion for adult sentencing and the hearing thereon be held before the plea of guilty or trial, is not just a procedural trap. One of the reasons the statute requires the motion for adult sentencing to be decided before plea proceedings or trial, is so the defendant will know the range of punishment he is facing if a plea is entered, and so the range of punishment can be properly entered on the Plea of Guilty Summary of Facts form during the plea proceedings. In Appellants' cases, these requirements were not met, and therefore the reasons behind the requirements were not satisfied. We find the State waived the opportunity to seek adult sentencing by allowing proceedings to continue through the entry and acceptance of the guilty plea.
¶ 10 IT IS THEREFORE THE ORDER OF THIS COURT that the orders of the District Court of Cleveland County granting the State's motions to sentence Appellants as adults in Case Nos. CF-99-483 and CF-99-484 should be, and are hereby, REVERSED and these cases are REMANDED to the District Court for sentencing of Appellants as Youthful Offenders.
¶ 11 IT IS SO ORDERED.
¶ 12 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 16th day of December, 1999.
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Steve Lile
STEVE LILE, Judge
NOTES
[1] The motions were not file stamped by the Clerk of the District Court until August 16, 1999.