40 P.3d 490 (2002)
2002 OK CR 3
C.T.P., Appellant,
v.
STATE of Oklahoma, Appellee.
No. J2001-1187.
Court of Criminal Appeals of Oklahoma.
January 14, 2002.

*491 ACCELERATED DOCKET ORDER

¶ 1 Appellant, born March 29, 1985, was charged June 5, 2001, as an adult in the District Court of Rogers County, Case No. CF-2001-0269, with First Degree Murder or in the alternative, Second Degree Murder. On July 2, 2001, Appellant filed motions for certification as a juvenile and as a youthful offender. Following a hearing October 8, 2001, Appellant's motions were denied by the Honorable Joe Smith, Special Judge, and Appellant was bound over as an adult for First Degree Murder. Appellant appeals from the denial of his certification as a juvenile or as a youthful offender.
¶ 2 On appeal Appellant raised four propositions of error:
1. The Magistrate erred in finding that the offense was committed in a violent, premeditated and willful manner.
2. The Magistrate erred in determining prospects for protection of the public were "unclear".
3. The District Court erred in its evaluation of whether the Appellant is amenable to treatment in the juvenile system.
4. The District Court erred in its evaluation concerning the past history of the Appellant.
¶ 3 Pursuant to Rule 11.2(A)(4), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2000), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument January 10, 2002, pursuant to Rule 11.2(F). At the conclusion of oral argument, the parties were advised of the decision of this Court.
¶ 4 All of the issues raised by Appellant argue that the trial judge abused his discretion in denying reverse certification. After reviewing the record before this Court and hearing oral argument, we find the record clearly supports Appellant's motion that he should be treated as a Youthful Offender. The record does not support the trial judge's ruling that Appellant should be tried as an adult for murder in the first degree.
¶ 5 Additionally, the record reflects some confusion below whether a juvenile charged with Murder in the First Degree can be certified as a youthful offender or as a juvenile. The trial court needs to look no further than Section 7306-2.5(A) of Title 10 which explicitly states:
Any person thirteen (13), fourteen (14), fifteen (15), sixteen (16) or seventeen (17) years of age who is charged with murder in the first degree shall be held accountable for his acts as if he were an adult; provided, the person may be certified as a youthful offender or a juvenile as provided by this section . . . .

(emphasis added)
¶ 6 IT IS THEREFORE THE ORDER OF THIS COURT, that this matter is REVERSED and REMANDED to the District Court of Rogers County with INSTRUCTIONS to treat Appellant as a YOUTHFUL OFFENDER.
¶ 7 IT IS SO ORDERED.
¶ 8 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 14th day of January, 2002.
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge
/s/ Charles A. Johnson, Vice P.J.
CHARLES A. JOHNSON, Vice Presiding
Judge
/s/ Charles S. Chapel, J.
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar, J.
RETA M. STRUBHAR, Judge
STEVE LILE, Judge, (Not Participating)