v.

**STATE of Oklahoma, Appellee.**

**No. J 2004–0807.**

Court of Criminal Appeals of Oklahoma.

Dec. 7, 2004.

### *ACCELERATED DOCKET ORDER*

¶ 1 Appellant, born May 18, 1987, was charged April 13, 2004, as a Youthful Offender in the District Court of Payne County, Case No. CF–2004–0262, with First Degree Rape. Appellant filed a motion for certification to the juvenile system on June 23, 2004. Following a hearing July 26, 2004, Appellant's motion was denied. Appellant appeals from the denial of his certification as a juvenile.

¶ 2 On appeal Appellant raised one proposition of error:

> The trial court abused its discretion in denying Appellant's motion to be certified as a juvenile and by failing to make detailed findings of fact and conclusions of law as to each of the 7 factors to be considered.

¶ 3 Pursuant to Rule 11.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2004), this appeal was automatically assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument October 28, 2004, pursuant to Rule 11.2(F). At the conclusion of oral argument, the parties were advised of the decision of this Court.

¶4 While it is more desirable that written findings of facts and conclusions of law be made, in this case detailed findings and conclusions by the trial judge were made at the reverse certification hearing and can be found in the transcript of this proceeding. *See C.R.B. v. State*, 1999 OK CR 1, ¶17, 973 P.2d 339.

¶5 Further, the record does not support Appellant's contention that the trial court abused its discretion. The Honorable Phillip C. Corley, Special Judge, determined Appellant would receive the same treatment as a juvenile or as a Youthful Offender and that as a Youthful Offender, there would be "significantly more time to have that occur".

¶6 **IT IS THEREFORE THE ORDER OF THIS COURT,** finding no abuse of discretion, that the denial of the motion to certify Appellant as a juvenile is **AFFIRMED.**

¶7 Additionally, at Oral Argument this Court was advised Appellant entered a plea of guilty after the trial court denied his motion for certification as a juvenile and before his appeal was heard because the parties felt time was of the essence in providing Appellant the opportunity for treatment, whether it be as a juvenile or as a Youthful Offender. We commend appellate counsel for his efforts in this regard. In cases such as this one, entering a plea of guilty does not waive the right to appeal the trial court's status decision unless such waiver is part of the plea agreement.

¶8 **IT IS SO ORDERED.**

¶9 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 7th day of December, 2004.

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Presiding Judge

/s/ Steve Lile
STEVE LILE, Vice Presiding Judge

/s/ Gary L. Lumpkin, Concur in Results
GARY L. LUMPKIN, Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge