v.

**STATE of Oklahoma, Appellee.**

No. J–2005–216.

Court of Criminal Appeals of Oklahoma.

May 15, 2006.

## ACCELERATED DOCKET ORDER

¶ 1 On January 28, 2004, Appellant was charged as a Youthful Offender in Case No. CF–2004–14 in the District Court of Seminole County. On February 4, 2004, Appellant entered a guilty plea to all charges and was remanded to the custody of the Office of Juvenile Affairs (O.J.A.) for rehabilitation. All sentences were to be served concurrently. The sentencing order issued in Appellant's case noted that he was to be remanded to O.J.A. custody for a total of seven years. Appellant was 17 years old at the time of sentencing.

¶ 2 August 2, 2004 was Appellant's 18th birthday. On August 24, 2004, after being advised by O.J.A. that it intended to recommend he be released from its custody, Appellant filed a "Motion for Release from Office of Juvenile Affairs Custody." The motion alleged the State failed to timely conduct a review hearing pursuant to 10 O.S. § 7306–2.10 to extend O.J.A.'s ability to keep Appellant in custody beyond his 18th birthday. Appellant alleged that the State was barred from conducting the hearing after Appellant reached the age of 18 and requested the District Court release him from O.J.A.'s custody.

¶ 3 The District Court directed a response from O.J.A. and the State. O.J.A.'s response indicated that it had no authority to retain custody of Appellant since no hearing had been conducted prior to his 18th birthday allowing for the extension of custody until Appellant's 19th birthday. Citing 10 O.S. 2001, § 7306–2.10(G), O.J.A. opined that Appellant must be released from its custody because the District Court did not authorize extension of custody or supervision of Appellant prior to his 18th birthday.

¶ 4 The State argued that it was not procedurally barred from seeking to extend custody in Appellant's case simply because he had celebrated his 18th birthday. It requested the court to reconcile the conflicting provisions of the Youthful Offender Act, and preserve the legislative intent of the Youthful Offender Act by giving the conflicting provisions of the act a "saving construction" rendering the Act consistent, non-conflicting and Constitutionally sound. The State also cited O.J.A.'s refusal to treat and keep youthful offenders in custody past the age of 18 as an ongoing impediment to implementation of the Youthful Offender Act.

¶ 5 In an order entered September 29, 2004, the District Court of Seminole County, the Honorable George Butner, District Judge, denied Appellant's request for release from O.J.A. custody, authorized O.J.A. to retain custody of Appellant until his 19th birthday and set a "pre–19th birthday review" hearing for June 22, 2005.[1] Appellant failed to timely seek an appeal of the denial of his motion for release from custody.

¶ 6 On December 2, 2004, Appellant filed an Application for Writ of Habeas Corpus, seeking the same relief that he had sought in his August 24, 2004 Motion for Release from Custody. That request was denied by the District Court in an order entered that same day. Appellant then initiated his appeal from that order with this Court filed December 13, 2004. On December 23, 2004, this Court entered an order directing Appellant to clarify the posture of his appeal and show cause why the appeal should not be dismissed for failure to timely appeal the Dis-

---

1. The order actually says that the pre–19th birthday review is to be conducted June 22, 2004, however it appears that this is a scrivener's error and the actual date should be June 22, 2005.

trict Court's original denial of his request for release from custody.

¶ 7 On January 6, 2005, Appellant filed his response with this Court. Attached to the response was an affidavit from trial counsel, M. Bradley Carter, indicating that there was confusion over whether or not the order entered September 29, 2004, denying Appellant's request for release from custody, was a final, appealable order. To expedite this matter, Mr. Carter stated that the parties agreed to incorporate the arguments and transcripts of proceedings from the hearing on the Motion to Release from Custody into an Application for Writ of Habeas Corpus, which was subsequently filed on December 2, 2004. Judge Butner was made aware of the situation, and again denied the request for release.

¶ 8 In an order entered February 24, 2005 this Court noted that Appellant could not extend his appeal time by simply re-filing his motion in a different format. We declined jurisdiction of the Application for Writ of Habeas Corpus because it was nothing more than an attempt to extend Appellant's appeal time. However, this Court recognized that the Youthful Offender Act did not specify whether Appellant could appeal the district court's ruling denying his request for release from custody. We granted Appellant an appeal out of time from the order denying his request for release from O.J.A. custody noting the statute's ambiguity.

¶ 9 On May 19, 2005, this Court entered an order striking the previously scheduled oral argument, and invited the parties to file supplemental argument and authority. O.J.A. was also invited to file a response. The parties were to address the following questions posed by the court:

1. Whose responsibility is it to schedule the pre–18th/19th birthday hearing set forth in 10 O.S. § 7306–2.10(D)?

2. If no hearing is held prior to a defendant's 18th/19th birthday, as required by § 7306–2.10(D), does the trial court lose jurisdiction over the defendant?

3. If no pre–18th/19th birthday hearing is held, what are the consequences of the failure to timely conduct the hearing?

4. What is the relationship between the provisions of 10 O.S. §§ 7306–2.10(D) and (G), and how should the two provisions be reconciled?

¶ 10 Timely responses were filed by Appellant and the State. On July 20, 2005, O.J.A. filed a request for leave to file its brief out of time stating it was unaware of this Court's invitation to file an *amicus curiae* brief in the matter. On August 18, 2005, O.J.A. was granted permission to file its brief out of time. This matter was then re-scheduled for oral argument on March 2, 2006.

¶ 11 On appeal, Appellant raised one proposition of error:

1. The State failed to file a Motion to Extend Jurisdiction or to Bridge in order to retain custody of Appellant past his eighteenth birthday. Therefore, the trial court's jurisdiction over Appellant lapsed on his eighteenth birthday. Thus, the trial court did not have authority to order the Office of Juvenile Affairs (O.J.A.) to continue its jurisdiction over Appellant.

¶ 12 Pursuant to this Court's February 24, 2005 order, this appeal was assigned to the Accelerated Docket of this Court. The propositions or issues were presented to this Court in oral argument March 2, 2006, pursuant to Rule 11.2(F). At the conclusion of oral argument, the matter was taken under advisement.

 ¶ 13 We make the following findings with regard to Appellant's case.

1. There is no appeal allowed from an order of the District Court extending or terminating O.J.A.'s custody of a Youthful Offender entered as a result of a pre–18th or pre–19th birthday hearing.

2. The pre–18th and pre–19th birthday review hearings, required by 10 O.S. § 7306–2.10(D) shall be docketed and scheduled for at least thirty (30) days prior to the defendant's 18th and 19th birthdays at the time the youthful offender is sentenced and remanded to the custody of the Office of Juvenile Affairs for rehabilitation.

3. The District Court does not lose jurisdiction over a defendant for failure to timely conduct the offender's 18th or 19th birthday review hearing.

4. This matter is **REMANDED** to the District Court of Seminole County with instructions to conduct Appellant's 19th birthday review hearing as specified in 10 O.S. § 7306–2.10.

Title 10 O.S. § 7306–2.10(D) reads as follows:

D. If the youthful offender has not been previously discharged, the court *shall hold a review hearing* within the thirty (30) days immediately preceding the date the youthful offender becomes eighteen (18) years of age or nineteen (19) years of age, if extended by law.

As noted in our February 24, 2005 order, there is no provision in the Youthful Offender statute for appealing from an order of the District Court extending or terminating O.J.A.'s custody of a Youthful Offender, as a result of the pre–18th or pre–19th birthday review hearing. Nor is there a provision in this Court's Rules granting appellate review of this type of ruling. Appellant's request for relief presented an issue of first impression regarding this matter. After reviewing Appellant's claim for relief, and deciding the limited issue presented in this case, we find that there is no right to appeal from a District Court's order extending or terminating O.J.A.'s custody of a Youthful Offender pursuant to 10 O.S. § 7306–2.10(D).

¶ 14 All parties agree the statute, while directing the District Court to conduct the pre–18th and pre–19th birthday hearings, does not specify who has the responsibility for scheduling the hearing. The Office of Juvenile Affairs is required, by statute, to prepare a written report concerning the conduct, progress and condition of the youthful offender, which shall be submitted to the court prior to scheduled reviews. *See* 10 O.S. § 7306–2.10(B). This includes the pre–18th and pre–19th birthday review hearings. The statute further directs the court to consider the report, and any timely written response to these reports *before* conducting its review. *Id.* We can only conclude that since the statute requires pre–18th and pre–19th

birthday reviews, and requires the district court to consider the report before conducting its reviews, the reports should be provided to the court in advance of these statutorily required hearings. In Appellant's case, no pre–18th birthday review report was prepared or delivered to the District Court either in advance of Appellant's birthday, or at the review hearing that was ultimately held on September 29, 2004.

¶ 15 It is the finding of this Court that the statutorily mandated pre–18th and pre–19th birthday hearings set forth at 10 O.S. § 7306–2.10(D) must be docketed and scheduled at the time a youthful offender is remanded to O.J.A. custody for rehabilitation. The hearings shall be scheduled within the thirty days immediately preceding the youthful offender's birthday. As provided by the Legislature in the Youthful Offender statute, the necessary reports concerning the conduct, progress and condition of the youthful offender are to be timely filed to facilitate a meaningful review of the youthful offender's progress, or lack thereof. The Office of Juvenile Affairs pre–18th and pre–19th birthday review reports should be filed to allow sufficient time for responses to be filed by those parties specified in 10 O.S. § 7306–2.10(B), and to allow time for the District Court to properly review the initial review report and any timely filed written responses.

¶ 16 Appellant claims in his application filed with this Court that the District Court's jurisdiction over Appellant lapsed when it failed to timely conduct the birthday review hearing, therefore the court did not have the authority to order O.J.A. to continue its jurisdiction over Appellant. The remedy, Appellant argues, is his immediate release from O.J.A. custody. This is the same argument espoused by O.J.A. The State argues this interpretation of the statute defeats the purpose of the Youthful Offender Act.

¶ 17 As we have noted on numerous occasions when considering Youthful Offender issues, the purpose of the Youthful Offender Act is clearly set out in 10 O.S. § 7306–2.2(B) which states:

It is the purpose of the Youthful Offender Act to better ensure the public safety by holding youths accountable for the commission of serious crimes, while affording courts methods of rehabilitation for those youths the courts determine, at their discretion, may be amenable to such methods. It is the further purpose of the Youthful Offender Act to allow those youthful offenders whom the courts find to be amenable to rehabilitation by the methods prescribed in the Youthful Offender Act to be placed in the custody or under the supervision of the Office of Juvenile Affairs for the purpose of accessing the rehabilitative programs provided by that Office and thereby, upon good conduct and successful completion of such programs, avoid conviction for a crime.

¶ 18 Under this Act, it is clear that the Legislature seeks to ensure the safety of the community, while providing viable methods of rehabilitation for those youths the courts deem may be amenable to such treatment. *Id.; G.G. v. State,* 1999 OK CR 7, ¶ 6, 989 P.2d 936; *C.L.F. v. State,* 1999 OK CR 12, ¶ 6, 989 P.2d 945. To interpret 10 O.S. § 7306–2.10(D) to mean that failure to conduct a review hearing results in a "get out of jail free card" for a youthful offender makes a mockery of the system and defeats the purpose of the Act.

¶ 19 In construing legislation, this Court strives to interpret and reconcile statutory provisions as being consistent, if at all possible, and to give force and effect to the plain meaning of the statutory provisions. Appellant was remanded to O.J.A. custody to pursue and complete a plan of rehabilitation. We have no doubt that the Legislature intended to provide youthful offenders sufficient time in O.J.A. custody to allow for completion of their assigned rehabilitation plans. One method for extending the time to allow completion of a rehabilitation plan is to extend jurisdiction to allow O.J.A. to retain custody of a youthful offender who has reached or is approaching his or her 18th or 19th birthday via the review hearing outlined in 10 O.S. § 7306–2.10(D).

¶ 20 At the conclusion of the review hearing, the court may take one of several courses of action with regard to the youthful offender. *See* 10 O.S. § 7306–2.10(F).[2] Nowhere does the statute provide for immediate release from custody if a youthful offender's pre–18th or pre–19th birthday review hearing is not timely conducted. To so interpret the statute makes § 7306–2.10(D) nothing more than a procedural trap allowing for the unregulated release of individuals who have not completed a rehabilitation plan.

¶ 21 We cannot believe that the Legislature intended such an interpretation. The only method provided in the Youthful Offender Act for transferring custody of a youthful offender, or for discharging a youthful offender from O.J.A. custody, is the issuance of a court order. A reading of the statute indicates that the age of 18 (or 19 if custody is extended) is a turning point. If custody is not extended, upon completion of a plan of rehabilitation the court can order an offender's release from O.J.A. custody. *See* 10 O.S. § 7306–2.10(C). If the offender fails to substantially comply with the terms and conditions of his or her plan of rehabilitation, the court can bridge the offender to the adult system, transferring custody of the offender from O.J.A. to the Department of Corrections (D.O.C.). *Id.* Of the options outlined in the Youthful Offender Act allowing for a change in an offender's custody, none allows O.J.A. to release an individual from custody upon reaching the age of 18 or 19 (or any other age) simply because the pre–18th or pre–19th birthday review hearing was not conducted. Without an order from a district court of proper jurisdiction, the youthful offender remains in O.J.A. custody.

¶ 22 More importantly, 10 O.S. § 7306–2.4(H) also addresses the custody of a youth-

---

2. Pursuant to 10 O.S. § 7306–2.10(F), the court, upon conducting a review hearing, may, among other things, discharge the youthful offender from O.J.A. custody, revoke an order of probation and place the offender in O.J.A.'s custody; revoke a community supervision placement; place the offender in a sanction program operated by O.J.A., bridge the offender to the adult system, or extend jurisdiction and authorize the Office of Juvenile Affairs to retain custody and supervision of the offender.

ful offender who has reached his or her 18th or 19th birthday. This section states if the youthful offender has not been discharged *by the court* from the custody or supervision of O.J.A. within thirty days immediately preceding the date on which the youthful offender becomes 18 years of age, or if extended by the court, 19 years of age, the court shall hold a review hearing *and shall make further orders regarding the youthful offender as provided by § 7306–2.10 of this title.* The implication of this portion of the statute is that 18 and 19 are the operative ages for further review of an offender's custodial situation, but the court still must enter an order to alter the offender's custodial posture.

¶ 23 The only reasonable interpretation of 10 O.S. § 7306–2.10(D), read in conjunction with the other relevant sections of the Youthful Offender Act, is that the 18th and 19th birthday reviews are time sensitive review hearings, positioned to afford an additional examination of an offender's rehabilitative progress. The reviews are used to allow the court to determine what steps need to be taken next in administering the offender's sentence and insuring progress in his or her rehabilitation plan. Whether the hearing is timely conducted or not, the trial court does not lose jurisdiction over the youthful offender.

¶ 24 Our ruling, however, should not be read as encouraging courts, defendants, O.J.A., the State or other responsible party to ignore the statute and fail to timely schedule and conduct these review hearings. As noted above, the birthday review hearings shall be scheduled at the time a youthful offender is sentenced and remanded to O.J.A. custody.

¶ 25 Our remedy for the Appellant in this case is to **AFFIRM** the District Court's ruling entered on September 29, 2004 and again on December 2, 2004, directing O.J.A. to retain custody of Appellant. This matter is **REMANDED** to the District Court of Seminole County with instructions to conduct Appellant's 19th birthday review hearing (which this Court understands has been held in abeyance pending resolution of this appeal) consistent with the provisions of 10 O.S. § 7306–2.10.

¶ 26 **IT IS THEREFORE THE ORDER OF THIS COURT THAT** this matter be **REMANDED** to the District Court of Seminole County with instructions for the District Court to conduct the Appellant's pre–19th birthday review hearing in accordance with 10 O.S. § 7306–2.10.

¶ 27 Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2006), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

¶ 28 **IT IS SO ORDERED.**

¶ 29 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 15th day of May, 2006.

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Judge

/s/ David Lewis
DAVID LEWIS, Judge