2006 OK 63

**In the Matter of M.B., a Youthful Offender.**

**No. 102,908.**

Supreme Court of Oklahoma.

Sept. 12, 2006.

Dorothy Brown, Richard D. Olderbak, Oklahoma City, OK, for Appellant.

Benjamin C. Brown, William McKinney, Patrick Garrison, Oklahoma City, OK, for Appellee.

KAUGER, J.

¶ 1 The dispositive issue presented is whether the Court of Criminal Appeals has appellate jurisdiction to review a juvenile court's order extending jurisdiction over a youthful offender to age twenty in the absence of a pre-birthday review hearing. We determine that it does and that the cause should be transferred to it.

## FACTS

¶ 2 M.B. was born August 18, 1986. On June 12, 2004, at age seventeen, he and another youth assaulted a pizza delivery man with a bat and a brick, robbing him of the cash and the pizza he was carrying. On September 28, 2004, M.B. was charged with

Robbery with a Dangerous Weapon.[1] Because he was seventeen years old[2] when he committed the crime, he was eligible to be sentenced as a youthful offender.[3] Although the district attorney could have sought sentencing of M.B. as an adult,[4] he did not. On August 23, 2005, five days after his nineteenth birthday, and over a year after the crime was committed, M.B. entered into a plea agreement and pled guilty to Robbery with a Dangerous Weapon. Pursuant to the plea agreement, the juvenile court: 1) found M.B. guilty of Robbery with a Dangerous Weapon; 2) ordered that he serve a five year sentence as a youthful offender; 3) ordered the Office of Juvenile Affairs (OJA) to conduct a pre-sentence investigation;[5] and 4) extended the court's jurisdiction, and the jurisdiction of the OJA, until M.B. reached the age of twenty.[6]

¶3 The OJA objected to the extension of jurisdiction by filing a Motion to Reconsider

1. Title 21 O.S.2001 § 801 provides in pertinent part:

 Any person or persons who, with the use of any firearms or any other dangerous weapons, whether the firearm is loaded or not, or who uses a blank or imitation firearm capable of raising in the mind of the one threatened with such device a fear that it is a real firearm, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony and, upon conviction therefor, shall suffer punishment by imprisonment for life in the State Penitentiary, or for a period of time not less than five (5) years, at the discretion of the court, or the jury trying the same.

 . . .

2. Title 10 O.S.2001 § 7306–2.2 provides in pertinent part:

 A. For the purposes of the Youthful Offender Act:
 1. 'Youthful offender' means a person:
 a. thirteen (13), fourteen (14), fifteen (15), sixteen (16) or seventeen (17) years of age who is charged with murder in the first degree and certified as a youthful offender as provided by Section 7306–2.5 of this title,
 b. fifteen (15), sixteen (16), or seventeen (17) years of age and charged with a crime listed in subsection A of Section 7306–2.6 of this title, and
 c. sixteen (16) or seventeen (17) years of age and charged with a crime listed in subsection B of Section 7306–2.6 of this title,
 if the offense was committed on or after January 1, 1998; and
 2. 'Sentenced as a youthful offender' means the imposition of a court order making disposition of a youthful offender as provided by Section 7306–2.9 of this title which shall constitute an adult criminal sentence if the youthful offender is transferred to the custody or supervision of the Department of Corrections pursuant to paragraph 5 of subsection F of Section 7306–2.10 of this title. . . .
 M.B. was eighteen when he was charged with Robbery with a Dangerous Weapon under 21 O.S.2001 § 801 on September 28, 2004. Title 10

O.S.2001 § 7306–2.3(B), provides in pertinent part:

 If, during the pendency of a criminal or quasi-criminal charge against any person, it shall be ascertained that the person was a child at the time of committing the alleged offense, the district court or municipal court shall transfer the case, together with all the papers, documents and testimony connected therewith, to the juvenile division of the district court . . .

3. Robbery with a Dangerous Weapon is enumerated among the acts mandating youthful offender status. Title 10 O.S.2001 § 7306–2.6(A)(4) provides in pertinent part:

 A. Any person fifteen (15), sixteen (16), or seventeen (17) years of age who is charged with:
 . . .
 4. Robbery with a dangerous weapon or attempt thereof . . .
 shall be held accountable for his acts as a youthful offender. . . .

4. Title 10 O.S.2001 § 7306–2.8(A) provides in pertinent part:

 Whenever the district attorney believes that there is good cause to believe that a person charged as a youthful offender would not reasonably complete a plan of rehabilitation or the public would not be adequately protected if the person were to be sentenced as a youthful offender, and should receive an adult sentence, the district attorney shall file a motion for consideration of the imposition of the sentence as for an adult if the person is convicted. . . .

5. Title 10 O.S.2001 § 7306–2.9(A) provides in pertinent part:

 A. Upon a verdict of guilty or a plea of guilty or nolo contendere of a youthful offender and prior to the imposition of a youthful offender sentence by the court:
 1. A youthful offender presentence investigation shall be conducted . . .
 2. The court shall conduct a hearing. . . .

6. The August 23, 2005, Minute Entry reads:

 Δ pleads guilty on Mo. OJA to do evaluation reg. if custody. Jurisdiction extended until age 20. Bond exonerated.

or Vacate on September 2, 2005. At a hearing on October 4, 2005, the Court denied the OJA's motion and ordered M.B. to be placed under the supervision of the OJA.[7]

¶4 The trial court filed its final order denying the OJA's Motion to Reconsider or Vacate and committed M.B. to the OJA's supervision on December 22, 2005. On December 29, 2005, the OJA appealed to this Court and on January 4, 2006, we ordered the OJA to explain why the Court of Criminal Appeals lacked jurisdiction over the matter. The OJA responded on January 11, 2006, we retained the appeal on February 6, 2006, and the briefing cycle was completed on June 12, 2006.

## THE COURT OF CRIMINAL APPEALS HAS APPELLATE JURISDICTION.

¶5 The dispositive issue on appeal is whether the Court of Criminal Appeals has

jurisdiction over this cause. Because we find that the Court of Criminal Appeals has appellate jurisdiction, we need not discuss whether: 1) the order is appealable; 2) the OJA has standing to bring the appeal; and 3) the order was lawfully made.[8]

¶6 At the outset, we note that if an offender is sentenced while under the age of eighteen, and remains under the supervision or in the custody of the OJA, the trial court is required to hold a "pre-birthday" review hearing within thirty days of the offender's eighteenth birthday pursuant to 10 O.S.2001 § 7306–2.10(D).[9] At the hearing, the court determines whether to discharge the offender, place the offender in the custody of the OJA, transfer the offender to the custody or supervision of the Department of Corrections, or on a motion from the Department of Juvenile Justice,[10] extend jurisdiction to the age of twenty for completion of a rehabilita-

7. Title 10 O.S.2001 § 7306–2.9(B)(1) provides in pertinent part:

 B. After the hearing and consideration of the report of the presentence investigation, the court shall impose sentence as a youthful offender. In no event shall the sentence exceed the amount of time of a possible sentence for an adult convicted of the same offense or ten (10) years, whichever is less. The court may make one of the following dispositional orders regarding a youthful offender:
 1. Place the youthful offender under the supervision of the Office of Juvenile Affairs through its Department of Juvenile Justice....
 On November 11, 2005, the OJA sought review of the initial denial of its motion in this Court in an original action, No. 102,724 *Office of Juvenile Affairs v. The Honorable Roger H. Stuart.* In a January 9, 2006 order to which all the Justices concurred, the Court denied OJA's application to assume original jurisdiction without explanation.

8. Apparently, a similar issue has been considered and answered by the Court of Criminal Appeals in *R.M.J. v. State,* 2006 OK CR 18, 135 P.3d 1286, in which the Court of Criminal Appeals determined that when a District Court does not timely conduct a pre-birthday hearing for a youthful offender, the District Court does not lose jurisdiction. In order to prevent a recurrence of such a scenario, the court ordered that pre-birthday hearings are to be docketed and scheduled at the time a youthful offender is sentenced. The court lastly held that there is no appeal allowable from an order extending or terminating the OJA's custody of a youthful of-

fender entered as a result of a pre-birthday hearing.

9. Title 10 O.S.2001 § 7306–2.10(D) provides:

 If the youthful offender has not been previously discharged, the court shall hold a review hearing within the thirty (30) days immediately preceding the date the youthful offender becomes eighteen (18) years of age or nineteen (19) years of age, if extended by law.

10. At the time the order was made, the Department of Juvenile Justice was a branch of the Office of Juvenile Affairs. Title 10 O.S.2001 § 7302–2.1(C)(2) provides:

 C. The Executive Director shall provide for the administration of the Office of Juvenile Affairs and shall:
 . . .
 2. Pursuant to legislative authorization employ, discharge, appoint or contract with, and fix the duties and compensation of such assistants, attorneys, law enforcement officers, probation officers, psychologists, social workers, medical professionals, administrative, clerical and technical, investigators, aides and such other personnel, either on a full-time, part-time, fee or contractual basis, as in the judgment and discretion of the Executive Director shall be deemed necessary in the performance or carrying out of any of the purposes, objectives, responsibilities, or statutory provisions relating to the Office of Juvenile Affairs or Department of Juvenile Justice, or to assist the Executive Director of the Office of Juvenile Affairs or Deputy Director of the Department

tion plan.[11]

¶ 7 The irregular aspect of this case is that M.B. was nineteen when the plea agreement was accepted—before the OJA had been ordered to supervise M.B., and before M.B. had begun any rehabilitation plan. The OJA contends that unless it moves to extend jurisdiction under 10 O.S.2001 § 7306–2.10(F)(6) [12] at a pre-birthday review hearing when a youthful offender has been in OJA custody, or under OJA supervision and has significantly completed a rehabilitation plan, the juvenile court is without subject matter jurisdiction to extend jurisdiction. The appellees, M.B. and the Oklahoma County District Attorney, argue that this appeal falls within the jurisdiction of the Court of Criminal Appeals.

 ¶ 8 Appellate jurisdiction is the power and jurisdiction to review and correct those proceedings of inferior courts brought for determination in the manner provided by law.[13] The question of jurisdiction is primary and fundamental in every case and cannot be conferred by the consent of the parties, waived by the parties, or overlooked by the Court.[14] The Court of Criminal Appeals is a court of special and limited jurisdiction, with exclusive appellate jurisdiction only in criminal matters.[15] The boundaries between the appellate jurisdiction of this Court and that of the Court of Criminal Appeals are delineated by Okla. Const. art. 7, § 4, which provides in pertinent part:

The appellate jurisdiction of the Supreme Court shall be co-extensive with the State and shall extend to all cases at law and in equity; except that the Court of Criminal Appeals shall have exclusive appellate jurisdiction in criminal cases until otherwise provided by statute and in the event there is any conflict as to jurisdiction, the Supreme Court shall determine which court has jurisdiction and such determination shall be final. The original jurisdiction of the Supreme Court shall extend to a general superintendent control over all inferior courts and all Agencies, Commissions and Boards created by law. The Supreme Court, Court of Criminal Appeals, in criminal matters and all other appellate courts shall have power to issue, hear and determine writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition and such other remedial writs as may be provided by law and may exercise such other and further jurisdiction as may be conferred by statute....

The line of demarcation between reviewing jurisdiction between the Supreme Court and the Court of Criminal Appeals is not a legislative matter, but a constitutional issue to be determined by this Court. Therefore, jurisdictional limits of this Court and the Court of Criminal Appeals are set and defined by this

of Juvenile Justice in the performance of official duties and functions.

11. Title 10 O.S.2001 § 7306–2.10(F) provides in pertinent part:

F. At the conclusion of any review hearing in open court and after consideration of all reports and other evidence properly submitted to the court, the court may:
1. Order the youthful offender discharged
....
2 .... place the youthful offender in the custody of the Office of Juvenile Affairs ...
5 .... transfer ... the youthful offender to the custody or supervision of the Department of Corrections.
. .
6. Upon motion of the Department of Juvenile Justice and after notice to the youthful offender, extend jurisdiction and authorize the Department to retain custody or supervision of the youthful offender until the youthful offender reaches twenty (20) years of age, provided at the time of the hearing, the youthful offender:

a. is within the thirty (30) days immediately preceding the nineteenth birthday of the youthful offender, and
b. has substantially complied with the previously adopted plan of rehabilitation and needs additional time to complete the plan....

12. See note 11, supra.

13. *Carder v. Court of Criminal Appeals*, 1978 OK 130, ¶ 12, 595 P.2d 416; *Dancy v. Owens*, 1927 OK 203, ¶ 13, 258 P. 879; *State ex rel. Eubanks v. Cole*, 1910 OK CR 138, 4 Okla.Crim. 25, 109 P. 736, Syllabus, 4 Okla.Crim. 25, 109 P. 736.

14. *Barrett v. Barrett*, 1994 OK 92, ¶ 13, 878 P.2d 1051; *Brasier v. Brasier*, 1948 OK 251, ¶ 18, 200 P.2d 427; *Model Clothing Co. v. First Nat. Bank of Cushing*, 1916 OK 852, ¶ 5, 160 P. 450; *Howard v. Arkansaw*, 1916 OK 703, ¶ 0, 158 P. 437.

15. *Carder v. Court of Criminal Appeals*, see note 13, supra at ¶ 11; *Dancy v. Owens*, see note 13 supra.

Court, not the Court of Criminal Appeals.[16] It is the duty of this Court to examine its own jurisdiction and, if it is without jurisdiction, to dismiss or to transfer an appeal.[17]

▊ ¶ 9 OJA contends that we have jurisdiction to hear this appeal under 10 O.S.2001 § 7303–6.2(A). Section 7303–6.2(A) is located in part 6 of Article Three of the Juvenile Code,[18] which relates to modifications and appeals of juvenile delinquency orders. Section 7303–6.1 provides:

> Any decree or order made pursuant to the provisions of this article may be modified by the court at any time. An order certifying the juvenile as an adult shall not be modified.

Section 7303–6.2 provides:

> Any interested party aggrieved by any order or decree may appeal to the Supreme Court in the same manner as other appeals are taken to the Supreme Court of this state; provided, however, that appeals taken from a trial court's decision in a proceeding for an adjudication of juvenile delinquency or in a proceeding certifying a juvenile to stand trial as an adult or denying such certification shall be taken to the Court of Criminal Appeals in the same manner as other appeals are taken to the Court of Criminal Appeals of this state, and provided further that an order either certifying a juvenile to stand trial as an adult or denying such certification shall be a final order, appealable when entered.

¶ 10 This Court construed § 7303–6.2(A)[19] in *Carder v. Court of Criminal Appeals,* 1978 OK 130, 595 P.2d 416, a case involving a delinquent child and a jurisdictional conflict between this Court and the Court of Criminal Appeals over an appeal of a post-delinquency juvenile court order. The substantive question was whether a juvenile court which declared the child delinquent and committed the child to the custody of the Department of Institutions, Social and Rehabilitative Services, exceeded its jurisdiction by entering an order dismissing the juvenile action. The question on appeal was whether the Court of Criminal Appeals could properly issue a writ against a juvenile court judge directing him to vacate the post-dispositional dismissal order. The Court held that the Court of Criminal Appeals exceeded its jurisdictional limitations in issuing the writ because that court had no appellate jurisdiction over the juvenile court insofar as that post-dispositional order of dismissal was concerned. We construed § 7303–6.2(A) as giving the Supreme Court jurisdiction over the matter because the order did not arise from an adjudication of juvenile delinquency or certification to stand trial as an adult as required by the statute.

▊ ¶ 11 In *Carder,* the Court addressed questions of juvenile delinquency and custody, but the instant cause involves a youthful offender.[20] The Youthful Offender Act was not enacted until 1994, and was not implemented until 1998, twenty years after *Carder* was decided.[21] The Youthful Offend-

---

**16.** *State ex rel. Henry v. Mahler,* 1990 OK 3, ¶ 11, 786 P.2d 82; *Carder v. Court of Criminal Appeals,* see note 13, supra at ¶ 10.

**17.** *State ex rel. Henry v. Mahler,* see note 16, supra; *Hale v. Board of County Comm'rs of Seminole County,* 1979 OK 158, ¶ 5, 603 P.2d 761; *In re. Stock Dist. No. 2 of Adair County,* 1958 OK 233, ¶ 0, 330 P.2d 597; *Video Indep. Theatres, Inc. v. Walker,* 1957 OK 62, ¶ 3, 308 P.2d 958.

**18.** The Oklahoma Juvenile Code is found at 10 O.S.2001 § 7301–1.1 *et seq.* The entire Code is a compilation of statutes, both civil and criminal, that involve juvenile issues. It is divided into eight articles as follows: 1) General Provisions; 2) Juvenile Justice; 3) Custody and Court Proceedings; 4) Detention; 5) Juvenile Bureaus; 6) Treatment of Serious Acts; 7) Records; and 8) Juvenile Sex Offender Registration Act.

**19.** Title 10 O.S.2001 § 7303–6.2(A) was then located at 10 O.S.1971 § 1123(A). However, the text has not been amended since *Carder,* so we will refer to it in its present location for the sake of clarity.

**20.** Youthful offenders are not juveniles. Title 10 O.S.2001 § 7301–1.3(4) provides in pertinent part:

> 'Child' or 'juvenile' means any person under eighteen (18) years of age, except for ... any person fifteen (15) years of age or older and charged or certified as a youthful offender pursuant to the Youthful Offender Act. ...

**21.** 10 O.S. Supp.1994 §§ 1507.1 *et seq.* The current version of the Youthful Offender Act is found at 10 O.S.2001 §§ 7306–2.1 *et seq.,* which provides:

> Sections 7306–2.1 through 7306–2.13 of this title shall be known and may be cited as the

er Act is a part of Article Six of the Juvenile Code, which governs criminal charges against youthful offenders. For *Carder* to be controlling here, § 7303–6.2(A) must be applicable to the entire Juvenile Code. Nothing in § 7303–6.1 or § 7303–6.2(A) suggests that either section was intended to apply to the Juvenile Code in its entirety. In fact, § 7303–6.1 suggests that applicability of this portion of the Code is limited to the provisions of Article Three because it refers to decrees or orders made pursuant to the provisions of Article Three.[22] Because § 7303–6.2(A) was enacted [23] before the Youthful Offender Act, has not been amended since, and does not appear to extend the scope of its applicability beyond Article Three, we must construe these provisions together. The inevitable result of this construction is that the Legislature intended the provisions to apply only to Article Three of the Juvenile Code.[24]

¶ 12 The Youthful Offender Act provides for the appealability of and appellate jurisdiction of the Court of Criminal Appeals over an order granting or denying certification of a person charged with Murder in the First Degree as a youthful offender.[25] The Youthful Offender Act also provides for the appeal of three other types of orders, without designating which court has appellate jurisdiction. These orders include: 1) motions to certify a youthful offender as a juvenile;[26] 2) motions filed by the State to impose an adult sentence on a presumed youthful offender;[27] and 3) motions to transfer custody of a youthful offender to the Department of Corrections.[28] The Rules of the Court of Criminal Appeals have attempted to fill the lacunae in the statutes by allowing for an appeal of these types of orders,[29] and the court routinely decides cases arising out of the Youthful Offender Act.[30] Here, the order ex-

'Youthful Offender Act.' The Youthful Offender Act shall be implemented beginning January 1, 1998.

**22.** Title 10 O.S.2001 § 7303–6.1 provides:

Any decree or order made pursuant to the provisions of this article may be modified by the court at any time. An order certifying the juvenile as an adult shall not be modified.

**23.** Section 7303–6.2(A) was first enacted at 10 O.S. Supp.1969 § 1123.

**24.** Fundamental rule of statutory construction is to give effect to the intent of the legislature. *YDF, Inc. v. Schlumar, Inc.*, 2006 OK 32, ¶ 6, 136 P.3d 656. Where possible, relevant portions of a statute and related enactments will be considered together to give force and effect to all of them. *Cox v. State ex rel. Okla. Dep't of Human Servs.*, 2004 OK 17, ¶ 19, 87 P.3d 607; *Independent Sch. Dist. No. I–20 of Muskogee County v. Oklahoma State Dept. of Educ.*, 2003 OK 18, ¶ 13, 65 P.3d 612; *Clifton v. Clifton*, 1990 OK 88, ¶ 7, 801 P.2d 693.

**25.** Title 10 O.S.2001 § 7306–2.5(E) provides:

The order certifying a person as a youthful offender or a juvenile or denying the request for certification as either a youthful offender or a juvenile shall be a final order, appealable to the Court of Criminal Appeals when entered.

**26.** Title 10 O.S.2001 § 7306–2.6(F)(5) provides:

An order certifying a person or denying such certification to the juvenile system shall be a final order, appealable when entered.

**27.** Title 10 O.S.2001 § 7306–2.8(E) provides:

An order certifying or denying certification for imposition of an adult sentence shall be a final order, appealable when entered.

**28.** Title 10 O.S.2001 § 7306–2.10(H) provides:

An order transferring custody of a youthful offender to the Department of Corrections shall result in an adult conviction and shall be a final order, appealable when entered.

**29.** Rule 7.1, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2006) provides in pertinent part:

An appeal may be lodged by either party under the Rules of this Court from:
. . .
3. an order certifying or denying certification of a person as a youthful offender or juvenile under § 7306–2.5(E) and 2.6(F)(5), of Title 10;
4. an order certifying or denying certification for imposition of an adult sentence under § 7306–2.8(E), of Title 10;
5. a conviction as a youthful offender under § 7306–2.6(G), 2.8(F), or 2.8(G), of Title 10;
6. an order transferring custody under § 7306–2.10(H), of Title 10.

**30.** The Court of Criminal Appeals has heard appeals concerning: 1) orders granting or denying certification of a person as a youthful offender: *J.I.P. v. State*, 2004 OK CR 34, 103 P.3d 620; *W.L.A. v. State*, 2002 OK CR 38, 60 P.3d 1043; *C.T.P. v. State*, 2002 OK CR 3, 40 P.3d 490; *J.R.L. v. State*, 2000 OK CR 26, 17 P.3d 1041; *V.J.A v. State*, 1999 OK CR 40, 993 P.2d 773; *C.L.F v. State*, 1999 OK CR 12, 989 P.2d 945; *J.D.P. v. State*, 1999 OK CR 5, 989 P.2d 948; *C.R.B. v. State*, 1999 OK CR 1, 973 P.2d 339; 2) orders certifying or denying an adult sentence:

tends jurisdiction over a youthful offender made in the absence of a pre-birthday review hearing. There is no reference in the Act concerning the appealability or appellate jurisdiction of such an order.

¶ 13 In the absence of a statute to the contrary, Okla. Const. art. 7, § 4 limits the appellate jurisdiction of the Court of Criminal Appeals to criminal cases.[31] Under the applicable statutes, a youthful offender is clearly a person charged with a crime.[32] All the rights, protections, and procedures surrounding a criminal trial are in place in a trial of a youthful offender.[33] A trial judge may punish a youthful offender in all the ways that an adult may be punished, but the sentence may not exceed ten years of custody.[34] Because the order involved here arose out of a criminal case, and there is a lack of any clear statutory authority providing otherwise, we determine that the Court of Criminal Appeals has jurisdiction over this appeal and transfer the cause.[35]

## CONCLUSION

¶ 14 Section 7303–6.2(A) is part of the delinquency provisions of the Juvenile Code and appealability to this Court under § 7303–6.2(A) is limited to those provisions. The Youthful Offender Act governs criminal proceedings of youthful offenders. This case arises out of and relates to a criminal case involving a youthful offender. Nothing in the Youthful Offender Act specifically directs an appeal of this type of order to the Supreme Court. Because this appeal arose out of a criminal case, we determine that the Court of Criminal Appeals has exclusive ju-

A.J.B v. State, 1999 OK CR 50, 992 P.2d 911; G.G. v. State, 1999 OK CR 7, 989 P.2d 936; 3) orders transferring a youthful offender to the Department of Corrections: B.J.B. v. State, 2004 OK CR 17, 88 P.3d 931; and 4) whether a youthful offender may hold his appeal in abeyance until discovering whether he will be transferred to the Department of Corrections: Phillips v. State, 2002 OK CR 37, 59 P.3d 516.

31. See ¶ 8, supra.

32. Title 10 O.S.2001 § 7306–2.2, see note 3, supra.

33. Title 10 O.S.2001 § 7306–2.4(B) provides in pertinent part:

risdiction. Therefore, we order this cause transferred to the Court of Criminal Appeals.

## CAUSE TRANSFERRED TO THE COURT OF CRIMINAL APPEALS.
ALL JUSTICES CONCUR.

When a person is certified to stand trial as an adult or a youthful offender as provided by the Youthful Offender Act, the accused person shall have all the statutory and constitutional rights and protections of an adult accused of a crime. All proceedings shall be as for a criminal action and the provisions of Title 22 of the Oklahoma Statutes shall apply, except as provided for in the Youthful Offender Act. . . .

34. Title 10 O.S.2001 § 7306–2.9(B), see note 7, supra.

35. State ex rel. Henry v. Mahler, see note 16, supra; Hale v. Board of County Comm'rs of Seminole County, see note 17, supra.